THE ILLINOIS AND WISCONSIN RAILROAD COMPANY, Appellant, *v.* JOHN VON HORN, Appellee.

### APPEAL FROM COOK.

The verdict of a jury impanneled to assess the value of a lot sought to be condemned for depot purposes by a railroad company, unless it is manifestly against the evidence, will not be disturbed.

Land and city lots have no standard value; and to arrive at their proper valuation, it is right to take the opinions of witnesses, and to hear the facts upon which such opinions are founded.

THE facts of this case are set out in the opinion. The verdict in this case was found before MANIERRE, Judge, at November term, 1856, of the Cook Circuit Court.

BLODGETT and UPTON, for Appellant.

MATHER and TAFT, and T. L. DICKEY, for Appellee.

17

SKINNER, J. The Illinois and Wisconsin railroad company in May, 1854, commenced proceedings for the condemnation for depot purposes, of a lot in Chicago, belonging to Von Horn Von Horn appealed from the assessment of damages to tl [?] circuit court, where a trial was had and a verdict found, assessing the damages at six thousand dollars. This verdict, on motion of the company, the court set aside. A second trial resulted in a verdict of seven thousand and five hundred dollars. Upon application for a new trial, again made by the company, Von Horn remitted of the verdict nine hundred dollars, and the court, overruling the application for a new trial, gave judgment for six thousand and six hundred dollars.

It is insisted that the judgment should be reversed, because the verdict is against the evidence, and because the court permitted the witnesses to state their opinions and the grounds of the same, as to the value of the lot. Over twenty witnesses were examined, and estimated the value of the lot variously, running from twelve hundred to ten thousand dollars, exclusive of improvements, and it was agreed that the improvements were worth six hundred dollars.

If the verdict be not manifestly against the evidence, this court will not disturb it.

The credibility of the witnesses was for the jury; and their intelligence, their means of knowing the value of the property, and their manner of testifying, were open to the observation of the jury, enabling them to judge what degree of weight should be given to the opinion of each.

This court cannot, therefore, by addition and division of figures, or by finding the mathematical average estimate of damages, from the several values stated by the witnesses, determine upon the propriety of the verdict. We do not deem it important to enter upon an analysis of the testimony, as it seems to us clearly to justify the finding of the jury.

The general rule is, that the best evidence that exists, or that is obtainable, must be produced; but this rule has its exceptions. *Walker* v. *Walker*, 2 Scam. R. 291; *McKee* v. *Ingalls*, 4 ibid. 30; *Ward* v. *Salisbury*, 12 Ill. R. 369.

If land in this country had a standard value, those conversant with the subject could state, as a fact, the value of a described tract.

So, if Chicago lots had a fixed or understood market value— as grain, most of the ordinary commodities of trade, or the precious metals—there would be no difficulty in proving their value as a known fact. That there is no such standard by which to ascertain the value of this lot, is made abundantly clear by the evidence in this case.

The witnesses—all acquainted with this kind of property—

The Illinois Central R. R. Co. v. Downey.

in their testimony, differ in opinion most widely, measuring its value in their minds, step by step, from twelve hundred to ten thousand dollars. This could not be, upon the supposition that they intended to testify fairly, if there was an established value to the kind of property.

In fact, all know that the value of real estate in this country is matter of estimate, or conclusion of the mind, arrived at by comparison with sales of like property, made under circumstances calculated to produce competition among purchasers, and develop the full value, by considering its adaptation to use, present and prospective; its advantages and disadvantages; and upon which, those equally well qualified to judge will largely disagree.

To describe to a jury a piece of ground, however minutely, with its supposed adaptations to use, advantages and disadvantages, and demand of them, upon this information alone, a verdict as to its value, would be merely farcical; and this, indeed, is all that can be done to enable them to arrive at a conclusion as to the value, unless the witnesses are allowed to state their judgment or opinion, together with the facts upon which such opinion is founded. *Butler* v. *Mehrling*, 15 Ill. R. 488; Swift's Ev. 111; *Kellogg* v. *Krauser*, 14 Serg. and Rawl. R. 137.

*Judgment affirmed.*