## TINGLEY BROTHERS v. CITY OF PROVIDENCE.

The amount of loss and damage, over and above the amount of benefit and advantage to real estate, by the opening of a street, being in question before a jury, witnesses qualified to testify as experts may give opinions as to the value of the real estate in question before and after the opening of such street, but cannot be asked if the loss and damage exceed the benefit and advantage, and will not be permitted to state the amount of damage.

A public plat showing the location of a street, and evidence that no taxes had been assessed upon land within such location, admissible under Sec. 4, Chap. 38, of the Revised Statutes, without requiring proof of knowledge on the part of adjacent land owners of the existence of such plat, or of such exemption from taxation.

Evidence of such exemption from taxation admissible, whenever there are circumstances in proof from which the jury may properly infer knowledge of such exemption by the adjacent land owner.

A deed describing lots of land only by numbers, on a plat, conveys no rights in land embraced in a street laid down on such plat adjoining the lots, except as the same is subject to the public easement. Whether the boundary of such lots extends to the middle of the street, *quære.*

In ascertaining the damage caused by opening a street, the jury may properly consider the benefit derived by the claimant from that portion of the street adjoining his land, as platted, which is not included in the new street, as located, and which may subsequently be abandoned as a highway.

THIS was a motion for new trial founded on exceptions to the ruling of the Chief Justice upon the admissibility of evidence and upon his instructions to the jury ; and also on the allegation that the verdict was against the evidence. The jury trial was upon an appeal from the award of commissioners as to the damages from the extension of South Water street, in Providence, through the premises of the plaintiffs, under the statute which assessed one-half of the damages upon the estates specially benefited by the improvement. The motion was in the following terms :—

The appellants move for a new trial in said cause for the following reasons :—

1. Because the said appellants, at the trial before the jury, offered the opinions of experts in real estate that they, the appellants, would suffer loss and damage over and above the benefit and advantage which they would derive from the laying out and opening of said street, which opinions, the judge who tried said cause refused to receive or to allow to pass to the jury, but did allow the appellants to put in the testimony of experts, including their opinion as to the value of the land taken for said street and adjacent lands, and the testimony of witnesses as to the present uses of that and the adjoining lands, and facts tending to show what would be the probable future uses of the adjoining lands after the street was opened.

2. Because the judge who tried said cause allowed the appellees, against the objections of the appellants, to exhibit to the jury a plat of these and adjoining lands made by the city surveyor, under the direction and for the use of the assessors of taxes in said city, and kept on file in said assessors' office, and to introduce the testimony of Christopher T. Keith and Henry

A. Webb, said assessors, and Charles E. Paine, said surveyor, that the portion of the appellants' land taken for this proposed street had not for several years past been assessed for taxes by said city, without requiring the appellee to show that the appellants, or those from whom they derive their title, had knowledge of said plat, or that such portion of their lands were not taxed; but did allow the appellants, in reply to this testimony so admitted, to put in their own testimony that they did not, in fact, know of said plats, or that this portion of their lands was not taxed.

3. Because the appellants requested the judge to instruct the jury, that whether or not these lands were taxed had no bearing upon this case, unless the fact that they were not taxed was brought home to the knowledge of the appellants, or of those from whom they derive their title, which instruction the judge refused to give, but upon the question under the statute of possessions, did instruct the jury to consider, in connection with the facts admitted in testimony from the appellees, that taxes had not been paid upon the land claimed by the appellants; that plats were made numbering the lots, giving the number of feet contained in them, the price per foot, and showing that these lots only were taxed, and not the land platted as streets and claimed by the appellants; the testimony of Messrs. Tingley and Pike in reply, that they did not know that the lands claimed, marked as street were not taxed; also to consider the manner in which the plats were made, kept and used; and all the facts upon the proof in reference to the entire term of the claim of possession.

4. Because the appellants requested the judge who tried the case to instruct the jury, that the deed from Asa Pike to Jonathan Pike, dated September, 1850, taken in connection with the agreement of the original proprietors upon the face of the Fox Point Association plat, and which deed, plat, and agreement are made parts of this exception, conveyed to Jonathan Pike, whatever title and interest said Asa Pike then had in the strip of land delineated as a street and lying next westerly of lots Nos. 3 and 4, upon said plat, which instruction the judge

refused to give ; but, on the contrary, did instruct the jury that if Asa Pike at that time had acquired any title to this strip of land by adverse user, it did not pass by this deed ; that this deed did not convey anything in this street, discharged of the easements of the street, or anything more in the street than existed when the original plat was laid out.

5. Because, it being conceded that there are taken by the proposed street, about twelve hundred square feet of the appellants' land which are not embraced within the lines of the old street, as delineated upon the Fox Point Association Plat, leaving a corresponding amount of land embraced within the lines of such old street as delineated upon said plat which is not taken for the proposed street ; the judge who tried the cause instructed the jury that, although neither the City Commissioners nor jury could offset or exchange one for the other, yet the jury might consider in estimating the appellants' damages, as a practical matter, whether or not after the new street was opened, the appellants would not in all probability take into their possession and hold without objection the portion of the old street not taken for the new.

All which rulings, refusals and instructions the appellants allege to be erroneous and to which they then and there duly excepted.

6. Because the verdict was against the law and the evidence, and against evidence and the weight of the evidence, a statement of which evidence is hereunto annexed and made a part hereof.

The motion was argued for the appellant by *James Tillinghast and Benjamin T. Eames, Esqs.*, upon the following brief :—

I. The first ground for the motion presents simply the question, whether, in this class of cases, the opinions of experts in real estate may be given in testimony upon the question whether the appellants would suffer loss and damage over and above the benefit and advantage to their remaining lands by the opening of the street. The cases seem uniformly to hold that such testimony is admissible, as often, from the nature of the case, the best source of information to resort to, *Dwight* v. *County Com-*

*missioners*, 11 Cush. 201, (per Merrick, J.,) 203-4 ; *Webber* v. *Eastern R. R. Co.*, 2 Met. 147 ; *Dickenson* v. *Fitchburg*, 3 Gray, 546 ; *East Penn. R. R. Co.*, v. *Hottenshire*, 47, Penn. .St. Rep. 28, (per Thompson, J.,) 31 ; *Dolan* v. *East Brandywine R. R. Co.*, 46, Penn. St. Rep. 520 ; *Illinois Cent. R. R. Co.* v. *Downey*, 18 Ill. 257 ; *Howard* v. *City of Providence*, 6 R. I. 554. There is a class of cases of which *Buffum* v. *New York & Boston R. R. Co.* 4 R. I., 221, is an example, which excludes such testimony from witnesses not *experts*.

II. The court erred in allowing these plats made for the use of the assessors of taxes, and the acts of the assessors in not taxing these lands, to pass to the jury, without requiring knowledge of them to be brought home to the appellants. A party is not to be prejudiced by the declarations, acts, or conduct of another, particularly by the acts of the defendant, unless they are brought to his knowledge in such manner as to call for, or at least to give him an opportunity to reply to or dispute them. 1 Green, Evid. § 197, 198 ; *Phelps* v. *Gilchrist*, 28 N. H. 266, 278 ; *Corser* v. *Paul*, 41 N. H. 24, 29 ; *Brainard* v. *Buck*, 25, Vt. 573, 579, 580 ; *Alston* v. *Grantham*, 26, Geo. 374 ; *Stauffer* v. *Young*, 39 Penn. 462.

III. The instruction requested by this third exception,—that whether or not these lands were taxed had no bearing upon this case, unless the fact that they were not taxed was brought to the knowledge of the appellants, or those from whom they derived title,—ought to have been given. The instruction that was given instead, that the jury were to consider these facts of the plats and non-taxation of the lands, in connection with all the other testimony in the case, left these plats and non-taxation of the lands as distinct and independent facts in evidence before the jury, although not brought to the knowledge of the appellants.

IV. The instruction here given was erroneous. A conveyance of lots, by numbers upon a plat, conveys all the grantors' interest in and to the adjacent lands delineated upon the plats as streets, i. e. to the middle of the streets, whatever that interest is at the time of the conveyance, whether subject to the

Tingley Brothers *v.* City of Providence.

easement, or as in this case, under an accruing title of adverse user, not perfected by the full twenty years. The effect of the instruction as given, was to prevent the jury adding the adverse possession by Asa Pike, prior to this deed, to that of Jonathan Pike, after the deed, to find the twenty years. Again, by the memorandum upon the plat, the effect is the same as though these water lots extended across the street to the harbor line, subject, it may be, originally, to the private right of way over the street, in the other owners upon the plat, limited by the exclusive right in the owners of the water lots to use the street for wharfage purposes as secured by the agreement; and a deed therefore, of the lots themselves, passed all interest in the land to the harbor line, the grantor had at the date of the deed, and not simply the interest he had some thirty years previously.

V. The effect of the instruction complained of in this exception was, to allow the jury to offset, against the damages sustained by the appellants in the taking of land conceded to be theirs, a strip of land of about equal area, not embraced within the proposed street, and to which, by the opening of the proposed street, the appellants could acquire no new title or right whatever.

VI. The verdict was clearly against the evidence. 1. Upon the question of adverse possession. [The copious references to the testimony are omitted.—Rep.] 2. In the amount of damage. It being conceded that about twelve hundred square feet of the appellants' land was taken, worth, by all the testimony in the cause, at least $1,200.

The motion was argued for the appellee by *James M. Clarke,* upon the following brief:—

I. The rule adopted by the presiding judge, at the trial, is the same as that adopted by the Court in estimating damages, in *Dickenson* v. *Inhabitants of Fitchburg,* 13 Gray, 546, viz: " The value of the land taken for a highway is to be assessed according to its value at the time of its taking—having regard however to the value of the uses to which it may be applied." Opinions as to damages are the right and duty of the jury—for

witnesses to testify to such opinions, is to invade their province, *Lincoln* v. *Saratoga and Schen. R. R. Co.*, 23 Wend. 425 : *Paige* v. *Hazard & Kelley*, 5 Hill, 603. The extent of questions allowed in Massachusetts, (11 Cush.) is, what was the value of the land when taken, and what it would be worth after the improvement—that is, its market value ? The jury upon such evidence of opinion find the damages. Experts can only testify as to opinions arising from their peculiar experience. In this case as to the value of land, not as to damages by opening streets. See *Buffum* v. *New York & Boston Railroad Co.*, 4 R. I. 221.

II. and III. Plats and evidence of non-taxation are properly admissible. 1. As to possession. 2. As evidence of acceptance by the city, of the dedication of land as a highway.

IV. Deed did not pass any interest except in lots numbered and conveyed. If Asa Pike had acquired full title by possession, it would not pass, nor would any part of such title, by possession.

V. The question being as to loss and damage, over benefit and advantage, the jury might properly estimate the benefits and advantage to appellants by this lay out, in so far as they might desire advantage by the city's abandoning the strip of land not taken for the street.

VI. The question for the jury being one of damage, it is peculiarly within their province to determine the amount upon the evidence.

The opinion of the court was read by BRAYTON, J. The appellants, dissatisfied with the award of the commissioners, in the matter of the lay out and opening of South Water street, appealed from that award and have claimed a trial by jury.

The questions before the jury were, if the damage to the property of the appellants by the laying out of said street exceeded the benefit and advantage accruing to their estate thereby, and how much.

On these questions certain witnesses were admitted as experts in real estate upon the offer of the appellants, and were allowed to testify and give their opinions as to the value of the land taken for the street and of the adjacent land, and other wit-

nesses were permitted to testify to the present uses of both, and to facts tending to show the probable future uses of the adjoining lands after the street was opened. And the appellants offered further in evidence the opinion of said experts, that the appellants would suffer loss and damage over and above the benefit and advantage which they would derive from the laying out and opening of said street. These opinions were ruled out by the judge who presided at the trial, and the ruling forms the first ground for the appellants' motion for a new trial. And it is said in argument, that such evidence is the best which the nature of the case admits, and has been uniformly held to be admissible.

Now, we think, the appellees claim more than the cases warrant, when they say that the evidence has been uniformly admitted. It is true that the testimony of experts is admitted uniformly in matters of science, of peculiar skill, and in all cases where such testimony becomes necessary to enlighten the jury, and enable them to judge properly the facts submitted; that experts are so admitted to testify to the value of real estate, and in one or more instances they may have given their opinions as to the amount of damages to real estate taken for roads or highways. But, that such evidence is not uniformly admitted, is sufficiently clear from the authorities cited to this point by the appellant. No one of the cases cited by the appellees sustains the proposition, or admits such evidence by any ruling upon its admission or rejection.

The question here, as put to the witness, is not whether the loss and damage to the land of the appellant is greater than the benefit and advantage; but whether the appellants would suffer loss and damage, over and above the benefit and advantage to them, by the laying out the street.

There is no case which holds a question in that form admissible.

But were the opinion offered in evidence that the loss and damage to the land of the appellants would be greater than the benefit and advantage to it, it is still not maintainable that it is uniformly admitted. In 11 Cushing, cited, the evidence given

was the value of the estate before the laying of the wall, and the value afterwards, and this was held by the court admissible necessarily for want of other means of proof, and it was said, "if the true value of the estate, immediately before and immediately after the trespass could be ascertained accurately, the most exact means would be furnished to determine the real pecuniary damage." Market value was nearest, and any competent evidence to prove such value was admissible. If no sales near the time, then the opinions of practical men best acquainted with property, to give their opinions, the weight of those opinions to be determined by the reason which they give." Such men did testify in that case that the land would be considerably enhanced in value for house lots, but did not state the amount. In *Dickenson* v. *Inh. of Fitchburg*, 13 Gray, 147, it was held that commissioners who had often before assessed damages for land taken for highways, may give their opinions of the effect of taking land for that use. The witness had been asked the market value of the land, and had answered. On being asked in cross-examination to state his reason, the question was objected to and ruled out. It does not appear that the witness was asked the *amount* of damages. In *Webber* v. *Eastern Railroad Co.*, 2 Met., 147, such question was not asked, and the witness testified only that the fact then would influence and effect the rate of insurance, not the amount. In *East Penn. Railroad Co.* v. *Hottenstine*, 47 Penn. State, 28, the question proposed was the value of the land before and after. It was held that from necessity opinions as to that were admissible. In *Howard* v. *City of Providence*, 6 R. I. 514, the question was as to the value of the land. In *Illinois Railroad Co.* v. *Downing*, 18 Ill. 257, the question put to the witness was as to the value of the property before, and its value after, the land was taken for the road.

In the case of *Dorlan* v. *East Brandywine Railroad Co.*, 46 Penn. State R., 520, though the question put to the witness was, "what is the amount of loss or damage," the question was not objected to. The opposite party claimed the right to examine the witness as to his means of knowledge before permitting him to asseverate, and the court held that that was matter

of cross examination. The principle upon which the amount of damage was to be ascertained was clearly laid down, as in 11 Cushing, comparing the value of the lands before and after the location of the road, and the difference would be the amount of damage. The rule would only require answer as to value. These cases are entirely consistent with the cases cited by the appellees. The first of them is that of *Paige* v. *Hazard & Kelley*, 5 Hill, 643, which was an action to recover damages for sinking a canal boat. A witness having large experience in raising sunken boats was examined as to the expense of raising the boat in question. He was not allowed to give his opinion of the amount of expenses of raising, or of the damages from sinking.

*Lincoln* v. *Saratoga and Schenectady Railroad Co.*, 23 Wendell, 425, was an action for injury to plaintiff, by which plaintiff's leg was fractured. The witness, though a surgeon, and who had testified to the nature of the fracture and the extent of the nature of the injury, was not permitted to give his opinion of the *amount of damages*.

In *Norman* v. *Wells*, 17 Wendell, 136, it is expressly decided that a witness cannot give his opinion of the *amount of* damages in any case, and the court said that there was then no case in which it had been held to be admissible.

The evidence which had been admitted in the present case from the experts in real estate, had already been as to those points which furnish the means held most proper to determine the amount of loss and damage, benefit and advantage, viz., the market value before, and the market value after, the laying out of the street.

This is the rule held by the court in Pennsylvania, in Massachusetts, and in New York. It is the one assumed in Illinois. This rule requires no further opinions to enable the jury to form their opinions upon the evidence produced.

Shaw, C. J., in *Dickenson and others* v. *Inh. of Fitchburg*, 13 Gray, 555, makes this observation upon expert testimony, that the reason for receiving the opinions of an expert is, " that from his larger experience and more exact observation of facts and

the connection between certain appearances and their causes, he is able to draw correct conclusions from circumstances which a man of ordinary knowledge and experience, could not do." These facts may be generally known without proof, or they may be proved, and "when explained may be comprehended and applied by any person of good understanding." And he then says that the witness should have been allowed to explain, for when explained, they might be comprehended without proof.

Facts upon which the party relies to prove that a loss has resulted to him from the misconduct of the defendant may be all admitted, and yet the jury may not be able to see how the facts adduced operated to produce the result. They may not understand the connection between cause and effect in the particular case, and in such contingency it will be necessary to call in those whose knowledge is, upon the particular subject, beyond that of ordinary men, to explain the laws by which those facts are governed, how the causes operate to produce their effect. When explained, the jury are at once enabled to judge whether any injury has been caused, and become the proper judges of the amount.

It is not always necessary that the witness called for the purpose should give any opinion, properly so called. He may state only those natural laws with which he has from long study or long observation become familiar. These are facts, in that sense, by which the jury are able to understand facts before put in evidence, and this they can do as well without any opinion expressed as with it. It is not because one man may know and can testify to more facts upon a particular subject than another, or that he learned them by study and observation, and by opportunities which most men have not, that entitles him to give an opinion: So far as facts can be given, the principles of the law require them to be given to the jury, whether they are facts or causes, or as effects, or as connecting links in the chain of cause and effect, or the laws of nature which govern that train.

A plat of the land left open on the Fox Point Association plat was made by the city, with the lots adjoining thereto, for the use of assessors of taxes, and kept in their office. Upon

this plat the lands of the appellants were delineated, part whereof was taken for this street. This was offered in evidence, accompanied by the testimony of two of the assessors and the surveyor, that the portion of the land claimed by appellants taken for the street, had not been assessed for taxes for a number of years.. This evidence was admitted against the appellants objection, that appellees should first offer some evidence that the appellants had knowledge of said plat, or that these lands were not taxed.

One question in this trial was, whether the land in question were part of a public highway or street, which had become such by user under claim of right by the public. The appellees claimed that it had thus become a public street. Upon this issue it was necessary to show, not only that there had been a user of the land by the public for travel, but that the use had been accompanied by a claim that it was a street where all might lawfully and rightfully travel. Any public declaration or public claim that it was a public street, would not be irrelevant. The making of a plat used for public purposes upon which the way was laid down, might be regarded as a declaration that they claimed the way to be    public way, where all might rightfully travel; and if it were also proved that the land so delineated had not been taxed to the appellants or treated as private property, it would not be the less admissible as part of those acts which are evidence of claim.

The objection to the evidence is, not that the matter proved could have no bearing upon the issue, but that it was first necessary for the appellees to prove affirmatively that the appellants had knowledge of them.

Bearing in mind that the Statute, chap. 38, section 4, requires that "taxes on real estate shall be assessed to the owners, and separate tracts or parcels shall be separately described and valued as far as practicable," and the proof being of the plat of the street and adjoining estate made by the city to that end, it may well be implied that every owner of estate along the street had some knowledge, as well of the platting as of the taxation, as the statute informed him of the mode of proceeding to the

assessment and every one of his several parcels were separately valued. An owner could not have looked with any care to his own interest, who could be entirely ignorant of what the assessors had done, and what of his estate had been taxed, and we think it was not necessary for the appellees to prove affirmatively such knowledge.

The next exception is, that the judge refused to instruct the jury that the fact that the land was not taxed had no bearing upon the case unless the fact were brought home to the knowledge of the appellants, and did leave that fact to the consideration of the jury. This exception, it will be seen, is nearly allied to the preceding. The last exception was to the admission of the evidence with prior affirmative proof of knowledge. That is, to the consideration of the same evidence without first giving such affirmative proof, and the answer is the same, it may be presumed from the circumstances in proof.

The appellants had been permitted to put in rebutting evidence to show their want of knowledge, and all the evidence upon that point was properly left to the consideration of the jury.

Another exception stated in this motion, and made the further ground for new trial, is, that the judge ruled that the deed of Asa Pike to Jonathan Pike passed no estate or title which the grantor might have had at that time in the land delineated upon the plat as a street. The association called the Fox Point Association, original proprietors of land at Fox Point, platted and divided their land into lots, and laid out also upon the plat portions of the land delineated thereon as streets. The lots were all numbered on said plat. Upon this plat was an agreement by the proprietors in relation to the streets, in substance, " that all the streets, squares, and gangways, are equally appurtenant to each and every lot, and each and every grantee of the same are equally entitled to use and occupy said squares, streets and gangways, as such, at all times, except that the grantees of all and every of the water lots, their heirs and assigns forever, shall have the exclusive right to demand wharfage for all the streets and gangways adjoining to their several lots respectively,

and each and every the grantees of the water lots, beginning at lot No. 1 and extending to lot No. 22 inclusively, their heirs and assigns, shall have the sole right to use the piece of land on the west side of the street adjoining their several lots for all purposes, but shall not erect any permanent building thereon."

The deed of Asa Pike conveys to Jonathan Pike one undivided half part (as described in the deed) of lots No. 1, 2, 3 and 4, on the plat of the Fox Point Association. They are no otherwise described in the deed. These lots were water lots on the east side of the street mentioned in the agreement, the western line of the lots being the eastern line of the street. Lots 3 and 4 are those owned by the appellants, who have succeeded to the title of Jonathan Pike.

All that could have passed by this deed, lying as it does next a street, would have been the land to the middle or thread of the street, under a proper description of the lot as bounding " upon " " or along " the street. The grant might have been thus extended. There is nothing in this deed, upon any construction, which could extend further, and in such case the land within the street passes, because the bound is a street, and whatever therefore thus passed, must pass subject to the public easement. If it had ceased to be a highway at the time of the conveyance and became the absolute property of another discharged of that easement, it could not pass at all by any such description.

The direction to the jury, that the deed conveyed nothing in the street discharged of the easement, is correct, and so also the direction that no land in the street, if it had been acquired by the grantor's adverse possession, passed by the deed.

It is certainly not clear that under the description in this deed any thing could have passed by it beyond the line of the street as delineated on the plat. When the only description is (Chapter 329) by the number of the lot upon the plat, the construction of the deed is the same as if the boundaries appearing on the plat had been described in the deed. The western boundary on the plat is by a line drawn upon the plat separating the lot from the street, a line which cannot be extended into the street or be

construed to be in the middle of the street. It is a line drawn actually excluding the street.

It is admitted that twelve hundred square feet of the appellant's land as claimed by them outside and beyond the west line of the street as laid down on the Fox Point plat, was taken for South Water street, and that a like quantity of land lying within the lines of the street laid down on said plat were not taken for the new street, but were left on the east side thereof. The judge instructed the jury that these two parcels, equal in quantity, could not be exchanged the one for the other, and the values offset; and further charged the jury, against the objection of the appellants, that they might in estimating the damages of the appellants consider whether or not, after the new street was opened, the appellants would not probably take into their possession, without objection, the portion of the old street not taken for the new. This instruction is the ground of the last exception.

Had the instruction to the jury been, that in estimating the value of the appellants' land after the opening of the street they might consider the fact that here was twelve hundred feet of land not considered necessary for the purposes of this street, that lay next adjoining the appellants' land; that it might at some time cease to be used for travel, and without any prejudice to the public be accepted for private purposes upon favorable terms; and might consider whether an estate thus circumstanced would be enhanced in value; whether the market price would be greater; whether a purchaser would pay more for such prospective advantage; whether it was an advantage in prospect; such instruction would hardly be deemed objectionable, considering one matter for the determination of the jury is the market value of the land. Such instruction, however, is not different in substance and effect from that which was actually given, and tended to the same result, and we think is not objectionable.