### WATERMAN F. BROWN *vs.* THE PROVIDENCE & SPRINGFIELD RAILROAD COMPANY.

In proceedings to obtain compensation for damages when land has been condemned to a public use, witnesses will not be allowed to give their opinion as to the amount of damage suffered.

*Tingley Bros.* v. *City of Providence*, 8 R. I. 493, affirmed.

A farmer may, as an expert, give his estimate of the value as farm land of realty so condemned, but his opinion generally of the value of such realty is inadmissible, since the market value of a farm may be much greater than its agricultural value.

EXCEPTIONS to the Court of Common Pleas.

This case was tried in the Court of Common Pleas before a jury, to determine the amount of damage caused to the plaintiff by the construction of the defendant's railroad over his land and by the defendant's taking land and material belonging to the plaintiff for such construction.

At the trial, the plaintiff, while testifying in his own behalf, was asked by his counsel :

1. What is your estimate of your damages?

2. What is your opinion as to the damages sustained by you, and as to the value of the land taken?

To these questions the defendant objected. The presiding judge sustained the objections and the plaintiff excepted.

*Spooner & Miller*, in support of the exceptions, cited *Shattuck* v. *Stoneham Branch R. R.* 6 Allen, 115; *Vandine* v. *Burpee*, 13 Met. 288; *Brill* v. *Flagler*, 23 Wend. 354; *Kellogg* v. *Krauser*, 14 Serg. & R. 137; *Robertson* v. *Knapp*, 35 N. Y. 91; *Wallace* v. *Finch*, 24 Mich. 256; *Walker* v. *City of Boston*, 8 Cush. 279; *Ill. & Wis. R. R. Co.* v. *Van Horn*, 18 Ill. 257; *Dwight* v. *County Commissioners of Hampden*, 11 Cush. 201; *Russell* v. *Horn Pond Branch R. R. Corporation*, 4 Gray, 607; *Inhabitants of West Newbury* v. *Chase*, 5 Gray, 421; *Evansville, &c. R. R. Co.* v. *Cochran*, 10 Ind. 560; *Cleveland & Pittsburg R. R. Co.* v. *Ball*, 5 Ohio St. 568; *Joy* v. *Hopkins*, 5 Denio, 84; *Clark* v. *Baird*, 9 N. Y. 183.

*James M. Ripley*, contra, cited *Giles* v. *O'Toole*, 4 Barb. S. C. 261; *Paige* v. *Hazard & Kelley*, 5 Hill, 603; *Fish* v. *Dodge*, 4 Denio 311; *Cook* v. *Brockway*, 21 Barb. S. C. 331; *Lincoln* v. *Saratoga & Schenectady R. R. Co.* 23 Wend. 425; *Norman* v. *Well*, 17 Wend. 136; *Morehouse* v. *Mathews*, 2 N. Y. 514; *Van Deusen* v. *Young*, 29 N. Y. 9; *Clifford* v. *Richardson*, 18 Vt. 620; *Crane et ux.* v. *Northfield*, 33 Vt. 124; *Fraser* v. *Tupper*, 29 Vt. 409; *Oakes* v. *Weston*, 45 Vt. 430; *Town of Rochester* v. *Town of Chester*, 3 N. H. 349; *Peterboro* v. *Jaffray*, 6 N. H. 462; *Whipple* v. *Walpole*, 10 N. H. 130; *Beard* v. *Kirk*, 11 N. H. 397; *Atlantic & Great Western R. R. Co.* v. *Campbell*, 4 Ohio St. 583; *Mitchell* v. *Allison*, 29 Ind. 43; *Bissell* v. *Wert*, 35 Ind. 54; *Thomas et al.* v. *Isett*, 1 Greene (Iowa), 470; *Whitmore et al.* v. *Bowman*, 4 Greene (Iowa), 148; *Gilbert* v. *Cherry*, 57 Ga. 128; *Largan* v. *Central R. R. Co.* 40 Cal. 272; *Eaton* v. *Woolly*, 28 Wis. 628; *Hathaway* v. *Brown*, 22 Minn. 214; *Tingley Bros.* v. *City of Providence*, 8 R. I. 493; *Buffum* v. *N. Y. & B. R. R. Co.* 4 R. I. 221.

*November* 11, 1878.  DURFEE, C. J.  The first exception presents the question whether in a proceeding for compensation for damages for land taken for a public use, the witnesses can be permitted to give their opinion or estimate of the amount of

damages sustained. In *Tingley Brothers* v. *City of Providence*, 8 R. I. 493, substantially the same question was decided in the negative. We adhere to that decision, which is abundantly supported by the cases cited for the defendant.

The second exception raises the question whether the owner can be permitted to testify what in his opinion is the value of the land taken, it appearing that he has been for many years familiar with its uses and capabilities, and has lived in the neighborhood and cultivated it, being by occupation a farmer. We think it would be proper to permit a farmer living in the vicinity of farming land which has been taken, and with which he is familiar, to testify what in his opinion is its value for farming purposes. A farmer, by his experience and by his association with other farmers, may be assumed to have peculiar means of information which qualify him to give an opinion as an expert upon that question. In any case where farming land is taken, an answer to the question so restricted might afford light, and of course if the land was valuable only for farming purposes, would be equivalent to the witness's giving his opinion of the salable or market value. But many farms in this State have a value quite independent of their value for farming purposes. For instance, the value of a farm lying near a growing city or village, or on the line of a railroad, is often very greatly enhanced by the probability that it may be in demand for house lots. And many farms lying along Narragansett Bay are much more highly prized for their attractiveness as summer resorts than for their value simply as farms. And so a farm may be valued for some other natural or artificial charm or peculiarity which adds nothing to it for agricultural purposes. Values of this sort are just as real as any other, but they are not such as farmers are specially qualified to appraise, and therefore to allow farmers to give their opinions without restriction whenever farming lands are taken, would be quite as likely to result in the introduction of misleading as of enlightening testimony. In the case at bar the question was entirely unrestricted, and there is nothing to show that the land taken was only valuable for farming purposes. We do not see therefore that the court below committed any error in refusing to permit the questions to be answered.

*Exceptions overruled, and judgment of the Court of Common Pleas affirmed, with the additional costs of this court.*