### BLACKBURN et al. v. MARTIN & MUELLER.

No. 25225.    Oct. 29, 1935.

Stephen A. George, for plaintiffs in error.

Thomas M. Smith, for defendants in error.

PER CURIAM. This is an action for the recovery of money instituted by Dan Blackburn and W. A. Ward, partners engaged in the contracting business, against a partnership, composed of E. H. Martin and John H. Mueller, engaged in financing contractors. Plaintiffs had contracts at Wilson and Prague, Okla., for paving streets and erecting sewers, and in 1926 contracted in writing with the defendants, whereby for a consideration of 3 per cent., based on engineers' final estimate, defendants undertook to prepare reports and financial statements and assist in marketing the bonds, warrants and other securities received by plaintiffs in payment on the various municipal contracts. Plaintiffs assigned all of their rights in these contracts to defendants and the bonds and warrants were sold by the defendants as received and the proceeds applied in whole or in part to the payment of the indebtedness of the plaintiffs, evidenced by notes executed by plaintiffs payable to themselves and indorsed to the defendants. It appears that part of the money was deposited to the credit of plaintiffs in the Tripoli State Bank, at Tripoli, Iowa. It also appears that the plaintiffs subcontracted the Prague sewer job with the Gallamore Construction Company, at Oklahoma City, and that this company did all of the work on the Prague contract. The contracts at Wilson netted a profit, but the Prague contract resulted in a loss.

Plaintiffs in their petition alleged that the aggregate amount of the two transactions was $130,000. It was the contention of the plaintiffs that the defendants, out of the moneys received from the sale of the securities, should have paid the Cedar Rapids National Bank $11,000, but that the defendants failed to do so, and that bank sued plaintiffs and obtained a judgment for approximately that amount, which they were obliged to pay. It was further contended that the defendants had funds sufficient to pay said notes to the Ceder Rapids National Bank and an additional sum of approximately $10,000, and that the defendants were indebted to the plaintiffs in the sum of $22,-272.66. The defendants answered by way of general denial. They asserted that they had accounted to the plaintiffs for all sums received by them from the sale of such securities. On the issues thus drawn, the jury returned a verdict for the defendants, from which verdict and judgment rendered thereon the plaintiffs appealed.

Numerous specifications of error are urged, but since only three of them are briefed, these alone will be considered. Each has to do with the instructions given by the court.

The main contention is that the court erred in instructing the jury as follows:

"You are further instructed that the burden of proof is upon the plaintiff to prove to your satisfaction by a preponderance of the evidence that their indebtedness to the defendants for money advanced them by the defendants for all purposes on the Prague job was less than the amount of money received by the defendants from the Prague job, including the $15,000 item from the Wilson job which it is admitted was applied on the Prague notes. Unless you are able to so find from the evidence, your verdict must be for the defendants."

It is urged that this placed an undue burden upon the plaintiffs. Numerous cases are cited in the briefs condemning the use of such phrases as "to your satisfaction," and "by fair weight and preponderance of the evidence."

Plaintiffs rely upon Midland Valley Ry. Co. v. Barnes et al., 162 Okla. 44, 18 P. (2d) 1089, as follows:

"Upon an issue of negligence in a civil case, an instruction to the jury that the party alleging negligence must establish his allegations, 'to your satisfaction,' 'by a fair weight and preponderance of the evidence,' imposes upon the party an unwarranted degree of proof, and ordinarily constitutes reversible error, at least, unless the other instructions properly define the term 'preponderance of the evidence,' and requires the jury to find the issues in favor of the party alleging negligence if they conclude that the evidence upon the issue preponderates in his favor."

It appears that in another instruction the court clearly defined the term "preponderance of the evidence," as follows:

"You are further instructed that the burden of proof is upon the plaintiff to prove the material allegations of his petition by a preponderance of the evidence, and unless you find that the plaintiff has proved the material allegations of his petition by a preponderance of the evidence, it will be your duty to return a verdict for the defendant. By a preponderance of the evidence is not necessarily meant the greater number of witnesses who have testified in the case, but the greater weight of creditable, competent evidence introduced in the case."

This instruction correctly defines the term "preponderance of the evidence." The term "fair preponderance of the evidence" nowhere appears in any of the instructions. Moreover, it will be noted that the trial court told the jury in the last portion of the instruction complained of that:

"If you find from the evidence that the defendants received more money than was paid to or on plaintiffs' account, your verdict will be for the plaintiffs in such amount as you may find the difference in their favor to be; that is, for such amount, if any, which you may find that the defendants received from funds belonging to plaintiffs in excess of the total amount received by plaintiff as loans from defendants, together with interest thereon, brokerage, commissions and expenses to which the defendants are entitled under their contract."

Plaintiffs are in no position to complain and did not complain of this portion of the instruction, as it was more favorable to the plaintiffs than to the defendants.

It does not appear that the instruction complained of falls within the category of instructions criticized in Midland Valley R. Co. v. Barnes, supra, and the decision in that case furnishes no reason for holding that the giving of this instruction constituted reversible error. No review of the cases cited from other jurisdictions touching upon this question is necessary, as no persuasive reason has been advanced for deviating from the decision in the case last mentioned.

It is well settled in this state that the instructions of the court must be construed as a whole and together, and that it is not necessary that any particular paragraph thereof contain all the law of the case. Missouri, K. & T. R. Co. v. Zuber, 76 Okla. 146, 184 P. 452. When taken as a whole, it appears that the jury could not have been misled as to the burden of proof.

The bulk of the evidence was the testimony of the parties to the litigation. In the record are found more than 100 exhibits of various kinds, most of them produced by the defendants. It appeared that the plaintiffs were obliged to rely upon their memories, as the documents upon which they based their claim were destroyed by a fire. The trial court gave the plaintiffs every opportunity to thoroughly cross-examine the defendants and to bring out all the facts, and on the condition of the record, the jury could not easily have arrived at a different verdict without ignoring practically all of the original documentary evidence in the case. The verdict is amply supported by the evidence.

It is next contended that the court erred in giving instruction No. 7, which reads as follows:

"The plaintiffs say that they gave but $133,000 in notes on both the Wilson and Prague jobs; that as $87,500 was for the Wilson job, this would leave a balance of $45,500 for money used on the Prague job; that of these, notes aggregating $11,479.65 were reduced to judgments against them, leaving them chargeable with an indebtedness of $34,020.34; that defendants received on the Prague job $55,895.74 and that defendants owe plaintiffs the balance of difference.

"The defendants have introduced evidence to show that the amount of notes given for the Prague job was $74,000; that proceeds of certain of these notes to the amount of $12,350 were applied on others of the notes, leaving a balance on indebtedness represented by notes in a net amount of $61,650; that of this $60,546.15 was deposited to the plaintiffs' account and $1,103.85 was applied to payment of interest. The plaintiffs deny that such amount was deposited to their account and deny they received such credits."

It is complained that the use of the clause "the defendants have introduced evidence to show" amounted to a comment upon the evidence, and it is urged that it is error for the court to call attention to particular facts in evidence in such a manner as to amount to an intimation as to the court's opinion of the weight of evidence. The objection to the instruction on this ground is not well taken. The language is not susceptible to the interpretation given. The records disclose that the defendants did introduce evidence for the purpose of showing that the amount of notes given for the Prague job was $74,000, and offered to show the disposition of this fund and that the net balance was $60,546.15, which was deposited to plaintiffs' account. As stated by the court, the plaintiffs on the witness stand denied that any such amount was deposited to their account and denied that they received credits as therein alleged. No suggestion is made that the instruction did not correctly disclose the contention of the respective parties. The case presents a situation not infrequently met by trial courts, where the court in order to give the jury a true understanding of the contention of the litigants must necessarily do more than to quote from formal pleadings. In this instruction the court merely tried to set forth the pertinent facts in controversy upon which the contend-

ing parties based their right to a verdict. It is one thing to say that the litigant offered evidence to show a certain fact to exist and quite another thing to say that the litigant offered evidence showing that a certain fact did exist.

In the instruction complained of the court did not indicate in any wise which contention it regarded as the true and which the false contention, and there was no comment whatever as to the weight of the evidence. For this reason, it would serve no useful purpose in this discussion to review the cases from this court where instructions have been condemned.

The third error alleged is in giving instruction No. 9, which reads as follows:

"You are further instructed that, under the evidence herein, the defendants herein are not chargeable in this action for any act of the Tripoli State Bank of Tripoli, Iowa, that may have resulted in any damage to the plaintiffs herein"

—and it is urged that since the evidence disclosed that the defendants were the principal owners and had control of the Tripoli State Bank, this instruction amounted to reversible error. No authorities are cited. There was nothing in the petition indicating the plaintiffs sought to charge the State Bank of Tripoli with any wrong in connection with the account carried in that bank, and the question of the manner in which the Tripoli State Bank handled the notes was not an issue.

No authorities are called to the attention of the court to support the contention that the giving of this instruction constituted error. A review of the record does not disclose any prejudicial error, so the assignment should be dismissed without any further discussion. Carr v. Seigler, 52 Okla. 485, 153 P. 141.

We have carefully read and reread the voluminous record in this case, involving many pages of testimony. The sole issue in the case was whether the defendants had accounted for the moneys which came into their possession by virtue of their contracts. The books and records of the defendant partnership and the books of the bank were in evidence, and the jury had a full opportunity to judge whether it would believe the plaintiffs or defendants with reference to whether the defendants had accounted for all the funds received by them. The instructions of the court fairly presented the issue to the jury, and finding no error in the instructions, the judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys Redmond S. Cole, A. G. Cochran, and C. A. Coakley in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Redmond S. Cole and approved by Mr. Cochran and Mr. Coakley, the cause was assigned to a justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.