## MARATHON OIL CO. et al. v. SANDERS.

No. 27507. Sept. 28, 1937.

Dudley, Hyde, Duval & Dudley, for plaintiffs in error.

W. P. Morrison, Hal Johnson, and Leo Considine, for defendant in error.

BAYLESS, V. C. J. Mrs. E. H. Sanders sued Marathon Oil Company, a corporation, and one of its employees, in the district court of Oklahoma county, for damages suffered as the result of the alleged negligence of the employee in operating an automobile, for which negligence the master was responsible. A jury returned a verdict for the plaintiff for the sum of $4,000, and this appeal resulted.

Only two assignments are argued: (1) Error in the instructions; and (2) excessive verdict.

The alleged vice of the instructions touches upon the definition of contributory negligence and its applicability as a defense. In effect the court told the jury, in instruction No. 8 and instruction No. 11, that if they should find the plaintiff guilty of negligence, and further find that such negligence was "the proximate cause" of the injury complained of, their verdict

should be for the defendant. However, in instruction No. 9, the court correctly stated the law of contributory negligence by telling the jury, in substance and effect, that if the alleged negligence of the plaintiff was "the proximate cause or contributed to the accident," their verdict should be for the defendant.

In our opinion, the effect of instructions Nos. 8 and 11 was to limit the defense of contributory negligence. However, as pointed out by the plaintiff, the argument made on this point is technical and not substantive. In other words, as the plaintiff so aptly points out, if in each of those instructions the court had used "a" instead of "the" there could be no just complaint.

The plaintiff relies upon two rules of law which are well recognized and often applied by this court, to the effect that the instructions will be considered as a whole, and if all of the instructions given fairly submit the issues to the jury, the cause will not be reversed for technical error in some of the instructions; and especially is this true if the court is unable to say from a view of the entire record and the instructions that the jury was misled thereby. M., K. & T. Ry. Co. v. Zuber, 76 Okla. 146, 184 P. 452; Blackburn v. Martin and Mueller, 174 Okla. 394, 50 P. (2d) 627, and Helmerich & Payne v. Nunley, 176 Okla. 246, 54 P. (2d) 1088, and many other cases.

Upon a consideration of the entire record, we cannot say that the vice of these two instructions was such as to completely misstate the law applicable to the issues, or that the jury was misled.

Upon consideration of the second assignment of error, we are unable to say that the verdict of the jury is excessive. The undisputed evidence is that the plaintiff suffered cuts and wounds on both of her legs, some of these wounds being four or five inches in length and having their principal effect upon the muscles of the legs. The evidence is further that it took upwards of 40 stitches to remedy these cuts. The plaintiff suffered from shock and nervousness. Within a few days thereafter she began to exhibit signs of miscarriage, and in due course she suffered a miscarriage, although it appeared at the time of the trial she had completely recovered therefrom. She was in bed about six weeks. In view of all the facts in the case, we are unable to say the verdict of the jury was excessive.

OSBORN, C. J., and PHELPS, CORN, and HURST, JJ., concur.