SMITH v. BARRY et ux.

No. 34809.   May 26, 1953.

*258 P. 2d 165.*

Hughey Baker, Tulsa, for plaintiff in error.

David H. Sanders, Tulsa, for defendant in error.

O'NEAL, J. The pivotal question presented for our consideration is whether the trial court had jurisdiction of the cause of action upon which plaintiffs sought to recover a money judgment against the defendant.

Charles B. Barry and Elizabeth Barry, husband and wife, were plaintiffs below and John E. Smith was defendant below, and they will be referred to in the same position as they appeared in the trial court.

The defendant was engaged in the business of building and selling houses in the city of Tulsa, Oklahoma. On September 13, 1947, defendant entered into a contract with plaintiffs to sell them certain designated lots and a house then under construction. The building was completed in January, 1948, and the property was conveyed by defendant to plaintiffs jointly. The contract of sale and purchase, among other things, provided that the defendant would complete the construction of a five-room frame house on the described premises, which construction was to meet the minimum requirements of the Federal Housing Administration. The agreement further provided for the installation of a septic tank with lateral connections which were to be in conformity with the rules and regulations of the Health Department of the State of Oklahoma.

Shortly after plaintiffs moved into the house they discovered that the sewerage disposal system, installed by the defendant, was defectively constructed and that sewage was escaping from the lateral lines which created an unsanitary condition upon plaintiffs' premises. It was further found that a portion of the sewerage disposal system, by error, had been partially constructed upon the adjoining premises to plaintiffs' property. Upon complaint made by plaintiffs to defendant, he rebuilt and remodeled the septic tank but he declined and refused to relay the lateral lines connected with the tank. In the present action plaintiffs sought to recover damages upon the ground that the sewerage disposal system as a whole did not meet the minimum requirements of the sale and purchase contract, nor the requirements of the Health Department of the State of Oklahoma; and that the faulty construction of the system resulted in damages as outlined in plaintiffs' petition.

The defendant contends here and in the lower court that plaintiffs pleaded four separate and distinct causes of action in which plaintiffs sought to recover the sum of $4,522.80 in each cause, which aggregate sum exceeds the jurisdiction of the common pleas court of Tulsa county, Oklahoma. Title 20 O.S. 1951 §651.

Defendant challenged the petition by filing a motion to strike, demurrer, and a motion to require plaintiffs to elect upon which alleged cause of action they sought relief. These respective motions and the demurrer were overruled. Although plaintiffs' petition is not a model of impeccable pleading, it is clear to us that plaintiffs pleaded one single cause of action within the jurisdiction of the court of common pleas. Plaintiffs set forth their cause of action in four separate paragraphs which they errone-

ously characterized as first, second, third and fourth causes of action.

It will be noted that in their so-called, "First Cause of Action," they seek to recover the sum of $452.80 as the sum expended by them in the construction of reconditioning the sewerage disposal plant, and for the further sum of $4,000 which they claim as damages for the humiliation, intimidation and embarrassment which they allege they suffered by reason of the unsanitary condition of their premises.

In plaintiffs' designated, "Second Cause of Action," they pleaded a breach of the express warranty of the sale and purchase contract, and by reference allege all of the allegations contained in their first cause of action, and pray for damages in the sum of $522.80 as costs and expense of reconditioning the sewerage disposal plant, and the sum of $4,000 for alleged humiliation, intimidation and embarrassment as set forth in the previous count.

In plaintiffs' designated, "Third Cause of Action," they reallege all of the allegations contained in their first and second causes of action and then allege a breach of the implied warranty of fitness of the sewerage disposal' plant and pray for damages in the sum of $452.80 as costs and expense in the repairing thereof, and pleaded for damages in the sum of $4,000 for humiliation, intimidation and embarrassment as pleaded in their first and second causes of action.

In plaintiffs' designated, "Fourth Cause of Action," they reallege all of the allegations stated in their first, second and third causes of action, and then allege that they expended the sum of $522.80 in reconditioning and repairing the sewerage disposal system and further allege that defendant represented that the disposal plant would meet the requirements of the State Board of Health and would be approved by it, which statements plaintiffs allege were untrue; that the Health Department subsequently required plaintiffs to re-

pair and recondition said disposal system. In this count plaintiffs reduced their claim to $3,000 for humiliation, intimidation and embarrassment as alleged in previous counts, but added a claim for $1,000 as compensatory and punitive damages.

Defendant, in answer to plaintiffs' petition, denies that plaintiffs suffered any damages and affirmatively pleads that he performed all of his obligations under his contract with plaintiffs.

As we construe plaintiffs' petition they stated one cause of action as damages resulting from the alleged improper installation and construction by defendant of the sewerage disposal system upon plaintiffs' premises. The four separate so-called causes of action attempted to state the four separate theories of law upon which the plaintiffs sought relief.

As a general rule, the allegations with reference to the amount of recovery, control over the allegations in the prayer of a petition, but it will be noted here that but one recovery was sought in a sum within the jurisdiction of the court. The trial court so construed the petition for in the court's instructions it told the jury that although plaintiffs separated their said petition into four separate causes of action alleging substantially the same facts, these facts are not inconsistent with each other, but ask only one judgment against the defendant in the sum of $4,522.80.

This position is again supported by the court's instruction No. 3, which advised the jury as follows:

"Gentlemen of the Jury, you are instructed that as a matter of law that all of the separately numbered causes of action stated in plaintiffs petition shall be construed as one cause of action, and that in the event your verdict is for the plaintiffs, there shall be only one recovery, taking the four separate causes of action concurrently and together, and the one judgment, if for the plaintiffs, will satisfy all the four causes of action. And in no event shall the verdict be for more than $4,522.00."

Much confusion in pleadings may be avoided by complying with the mandate of the statute in Title 12 O.S. 1951 §264, which provides:

"That the petition must contain *** a statement of the facts constituting the cause of action, in ordinary and concise language and without repetition."

Defendant here asserts that the trial court erred in refusing to strike all of the allegations in plaintiffs' petition in its first, second, third and fourth designated causes of action, wherein plaintiffs alleged that they were subjected to humiliation, intimidation and embarrassment, and a threat of being sued for damages by others by reason of the unsanitary condition of their premises, occasioned by the defective disposal system, and under which allegations plaintiffs sought to recover damages in the sum of $4,000. Defendant further asserts that the court erred in refusing to strike from plaintiffs' fourth cause of action their claim for exemplary damages.

Further, defendant asserts that the court erred in not sustaining defendant's demurrer to plaintiffs' petition. In our view of the case the defendant's motion to strike, as well as his demurrer, were properly overruled.

With reference to defendant's motion to strike the allegation of punitive and exemplary damages, as alleged in plaintiffs' fourth cause of action, the record shows that this allegation was deleted upon plaintiffs' motion. The refusal of the court to strike the words, "humiliation, intimidation and embarrassment" from each of said four designated counts or causes of action, even if erroneous, was harmless error, for the reason that the court entirely eliminated all reference to said allegations in its instructions to the jury covering the question of damages. Neither was there error in overruling defendant's demurrer to the plaintiffs' petition for, as we have seen, the petition alleged a cause of action upon which plaintiffs were entitled to some relief, providing

that the proof supported the allegations of the petition. The demurrer to the petition was also properly overruled for, as we have pointed out, the total sum sued for did not exceed the jurisdiction of the court of common pleas of Tulsa county, Oklahoma.

The remaining error asserted is that the court erred in overruling defendant's demurrer to plaintiffs' evidence, and erred in it sustaining defendant's motion for a directed verdict. We find substantial evidence that the sewerage disposal system did not comply with the contract of purchase and sale of the premises; nor with the standard of requirements of the Oklahoma State Health Department; that under the order of the latter agency, the defendant was required to and did make substantial changes in the septic tank, but refused to relay or relocate the lateral lines which, by his error, had been laid in part upon an adjoining lot to plaintiffs' premises.

There is evidence to the effect that plaintiffs expended the sum of $522.80 in repairing and putting the system in a workable condition. Moreover, the evidence supports plaintiffs' allegations that sewage seeped from the installations, stood in sumps upon plaintiffs' premises and became sufficiently obnoxious to cause substantial apprehension of complaints from neighbors, and probable suits by them to abate the nuisance. The verdict for $750 was well within the issues and proof to support the same and the amount of the verdict is not here challenged.

We have many times said:

"If there is any testimony reasonably tending to support the verdict of the jury, and said verdict has been approved by the trial court, the judgment will not be disturbed on appeal." Newson v. Medis, 205 Okla. 574, 239 P. 2d 784.

Lastly, defendant contends that the court's instructions Nos. 3 to 27, inclusive, were erroneously given. It would unduly extend this opinion to analyze each instruction, nor is it necessary so

to do in view of defendant's position in his brief which limits his criticism to instructions 6, 15, 16 and 22. It is asserted that these instructions are inconsistent with one another. We think they are consistent with the various issues joined and the evidence in support thereof. Plaintiffs were entitled to instructions upon each of their theories if supported by substantial evidence. We find that the instructions as a whole fairly submitted the issues to the jury.

We are committed to the rule that:

"Where the instructions, when considered as a whole, correctly state the law and fairly submit the issues to the jury arising upon the proof, there is no reversible error." Marathon Oil Co. v. Sanders, 180 Okla. 642, 71 P. 2d 956.

In Duncan v. Flagler, 192 Okla. 18, 132 P. 2d 939, we held:

"Although one of a series of instructions given in a case may contain an improper statement of the law as applied to the facts in the case, nevertheless, if it clearly appears from the instructions, taken as a whole, that no prejudice has in fact resulted therefrom, the error will be considered harmless."

Finding no substantial error in the record, the judgment of the trial court is affirmed.

JOHNSON, V.C.J., and WELCH, CORN, DAVISON, ARNOLD, WILLIAMS, and BLACKBIRD, JJ., concur.