LUCY R. BARNETT *vs.* ST. ANTHONY FALLS WATER-POWER COMPANY.

March 11, 1885.

**Trespass—Permanent Injury to Real Estate—Measure of Damages.—** For permanent wrongful injuries to real estate, destructive of the property itself, such as the undermining of lands and the breaking up of the natural *strata* of rock, the measure of damages generally recoverable by the owner of the fee is the amount of the diminution of the market value of the property.

**Same—Cost of Restoration to Natural Condition—Diminution of Value.—**Where, by reason of such injuries, the property cannot be used as a site for heavy buildings, to which use it is adapted, except by the construction of foundation walls of extraordinary depth, extending below the disturbed *strata* of rock, but can so be utilized with perfect safety, and it is shown that such foundation walls can be constructed at a cost less than the diminution in the market value of the property, still the compensation of the owner is to be measured by the diminution in value, and not by the cost of such masonry, which would not restore the property to its natural condition.

**Same—Evidence of Market Value—Opinion of Witnesses.—**The opinions of witnesses acquainted with the values of real property generally, as to the market value of the land after such an injury, are admissible in evidence, although the witnesses had not knowledge as to what would be the cost of the necessary foundations for buildings upon the land.

**Same—Improper Evidence not Objected to.**—Evidence was given on the part of the plaintiff as to the value of the property, assuming it to be uninjured, and as to the value with the existing injury, but such values were estimated as of the time of the trial, which was three years after the injury occurred. The evidence being evidently offered only as proof of damages, and no objection having been interposed, *held,* sufficient to sustain the verdict.

Plaintiff brought this action in the district court for Hennepin county, to recover damages for permanent injuries to real estate, occasioned by the negligent acts of the defendant. The complaint alleges that the land in question was worth $20,900 at the time the injury was done, and prays judgment for $10,000 damages. The action was tried before *Young,* J., and a jury, and plaintiff had a verdict for $5,888. Defendant appeals from an order refusing a new trial.

*Gordon E. Cole* and *R. C. Benton,* for appellant.

*Wilson & Lawrence,* for respondent.

DICKINSON, J. The plaintiff is the owner of two lots of land upon the easterly side of Main street, in the city of Minneapolis, having a frontage of 146 feet. The defendant owns the land on the opposite side of the street. At a depth of 12 or 14 feet beneath the surface of the earth, in this vicinity, is a stratum of limestone 20 feet or more in thickness, and beneath that, and extending to a great depth, is soft sandstone. In 1867 the defendant constructed a tunnel, five feet wide and about six feet deep, horizontally through the sandstone, and extending from the Mississippi river eastward to a point beneath Main street, and thence north under the westerly half of Main street past the plaintiff's lots. The tunnel was intended as a tail-race for the discharge of water from mills which might be afterwards erected on the west side of the street, but which never were erected. The tunnel was not lined, the walls of it consisting merely of the sand-rock through which it had been excavated. In December, 1880, from some cause, a large cavern or chamber had formed beneath the limestone ledge, extending from the tunnel eastward under the plaintiff's half of the street, and under about 100 feet (in frontage) of the plaintiff's lots, and extending back from the street front,

under the lots, some 30 feet, in its greatest extent.   The bottom of this cavern was about 45 feet below the upper surface of the limestone ledge, and about 60 feet below the surface of the soil.   In December, 1880, a considerable portion of the limestone ledge, forming the roof of the cavern, fell.

By this action the defendant is charged with responsibility for the formation of the cavern in the sandstone, the falling of the limestone ledge, and the consequent injury to the plaintiff, to the extent of the diminution of the value of the property.   It is claimed that the tunnel, as constructed through the sand-rock, and without lining or protecting its walls from the action of the water, was dangerous as an aqueduct, and that, by the negligence of the defendant, water was suffered to flow through the tunnel, washing out the sand-rock and causing the injuries referred to.   The evidence before us is sufficient to justify the jury in its verdict in favor of the plaintiff, and the verdict must be regarded as conclusive as to the fact upon which the responsibility of the defendant is asserted.

We are, however, called upon to consider what was the proper rule of damages applicable to the case, and as to the admissibility of certain evidence.   It was shown that, by reason of the undermining of the limestone ledge and its subsidence, it would be impracticable to erect very heavy buildings over that part of the property so undermined without sinking the foundations below the disturbed *strata;* that is, to a depth of 60 feet below the surface of the soil.   On the part of the defendant there was evidence tending to show that by making such foundations in the form of an arch, they might be laid at a cost not exceeding $1,600, and that it would be an absolutely secure and reliable foundation, as firm as the ledge itself.   The evidence of the plaintiff was to the effect that a solid (unarched) wall should be constructed, and that it would cost a sum equal to the whole value of the lots as they were before the injury complained of.   The court instructed the jury, in effect, that while the cost of putting in foundation walls might be considered as affecting the value of the property, yet *the measure of damages was the depreciation in the market value of the property by reason of the injury complained of.*   The defendant claims that this rule of depreciation in value is erroneous, and that,

if the cost of constructing a sufficient foundation wall would have been less than the diminution of market value, such cost should be applied as the measure of the plaintiff's recovery.

The ordinary measure of damages recoverable by the owner of the fee for permanent injuries to real estate, of the nature of that shown in this case, being destructive of the property itself, is the amount of the diminution of the value of the property. *Karst* v. *St. Paul, etc., R. Co.,* 22 Minn. 118. We may assume what is claimed by the appellant, that, in a particular case, if it is shown that the property can actually be restored to its former condition by an expenditure of a sum less than the diminution in value, such cost of restoration is the proper measure of compensation. *Seeley* v. *Alden,* 61 Pa. St. 302; and see *Karst* v. *St. Paul, etc., R. Co.,* 23 Minn. 401. But this case does not fall within any such principle, and the charge of the court was strictly correct, for the reason that an artificial wall, however constructed, and although sufficient as a foundation for any building which might be erected upon it, would not in fact restore the property to its former and natural condition, with its underlying ledge of rock. While the wall might restore the adaptability of the property for actual use, yet the owner was not to be compelled to resort to such a use of the property to avert the loss which would otherwise result to him from the wrong complained of. It was his right to hold the property for sale, and to realize from it by sale its market value whenever he should elect to dispose of it; and if it is a fact that that value has been diminished to an extent greater than the cost of the suggested means of remedying the evil, the application of the measure of damages relied upon by the appellant would fail to afford full compensation, unless, at least, the plaintiff should himself resort to the suggested means of utilizing the property.

Error is assigned in respect to the rulings of the court admitting the testimony of persons shown to have been familiar with the values of real property generally, but who did not appear to have such knowledge as would enable them to form an opinion as to what it would have cost to substitute artificial foundations for a building in place of the disturbed natural *strata.* The witnesses were allowed to give their opinions as to the market value of the property in its natural state,

and the diminished value with the injury alleged.   The argument by which it is sought to sustain the exceptions rests in part upon the erroneous assumption that the increased cost of constructing foundation walls of such depth as would be required because of the displacement of the natural *strata* of rock, is the proper measure of damages.   As to this, our opinion has been already expressed.   The further reason suggested is that witnesses whose qualifications consist merely of acquaintance with the values of real property generally, are not competent to give an opinion as to the value of a piece of property undermined as this was.

The opinions of witnesses as to value are resorted to from necessity. The admissibility of such evidence does not necessarily rest upon the ground that the opinions are based upon facts or information possessed by the witnesses which would themselves be competent primary evidence to prove value, (*Whitney* v. *Thacher*, 117 Mass. 523,) but because the experience or knowledge of the witness is such that he is able to estimate values more intelligently and accurately than those persons who have no special qualifications in that regard.   Without such evidence it would often be impossible to inform a jury as to the value of real property, which depends upon such a variety of circumstances that no mere description of the property, or statement of facts regarding it, could enable the jury to intelligently estimate its value. *Illinois & W. R. Co.* v. *Von Horn*, 18 Ill. 257 ; *Swan* v. *County of Middlesex*, 101 Mass. 173.

As to the sufficiency of the knowledge of witnesses to enable them to testify, much must be left to the discretion of the trial court, (*Swan* v. *County of Middlesex, supra,*) and no rule of law can define the extent of the knowledge of a witness respecting the property, necessary to render his opinion admissible.   It is, of course, true that the *value* of the opinions of witnesses may be impaired by any peculiarity in the property concerning which they testify, which distinguishes it in a marked degree from other property; but that would not necessarily be a reason for excluding the evidence.   If, for instance, the front of this property had been a deep, natural ravine, rendering necessary to its being used for the erection of buildings the construction of deep foundations or artificial filling in any form, it is not doubted that,

although no other property in the city of Minneapolis was so situated, the opinions of witnesses generally familiar with the values of real estate would have been competent evidence for the consideration of the jury. This case differs from that supposed only in the fact that what is peculiar in the condition of the property is not natural, but a result in part from artificial causes. In *Grannis* v. *St. Paul & C. Ry. Co.*, 18 Minn. 178, (194,) this court, referring to real property claimed to be valuable only for mill purposes, and to be unavailable for such purposes until it should be improved by piling and filling, said: "Some of the witnesses state that they do not know what the cost of the necessary filling or piling would be; but that is only ground for an argument to be addressed to a jury as to the value of the opinion of such an one; and, on the other hand, a man may, of course, be able to form an accurate opinion of the value of such property for such purposes without being able to state what it would cost to improve it." There was no error in receiving this evidence.

Witnesses on the part of the plaintiff testified as to the value of the property in a state of nature, and seemed, from the language used, to be speaking of a present time; that is, the time of the trial, which was in the spring of 1884. One witness, giving his opinion of the value of the property in a state of nature, refers to the fall of 1883. They also testified as to the diminished value in its injured condition. In fact, the principal injury occurred to the property, probably, in December, 1880. No objection was interposed to this evidence touching the point now urged, that an improper date was assumed as the basis for the proof of value, nor during the trial was there any application to strike out such evidence. The court instructed the jury that the values must be determined with reference to the time when the injury occurred. It is claimed that such evidence afforded no basis for the estimate of damages.

The evidence was, of course, not admissible if objection had been made; but the point should not now avail the defendant. It was obvious that the evidence was introduced for the purpose alone of furnishing a basis for the determination of the amount of damages. If the defendant deemed the value at the time of the trial to have been the same as it was when the injury occurred, and therefore, be-

cause satisfied with that basis of determination, did not object, it should not afterwards be heard to complain that it was unjust. In such case the defendant should be deemed to have acquiesced in the basis presented by the evidence for the measurement of the damages. If the defendant was not content to have the damages thus measured, objection should have been interposed at a time when the error might have been avoided. See *Bennett* v. *Kniss*, 27 Minn. 49; *Thoreson* v. *Minneapolis Harvester Works*, 29 Minn. 341. Of course, if the evidence had no tendency to establish the fact in issue, it could not be a basis for estimating damages. But in view of what has been already said, and since the value of this property, so far as appears, may have been the same, whether estimated as of the date of the injury or of the time of the trial, we think the verdict should not be disturbed.

Order affirmed.