WICHITA FALLS & N. W. RY. CO. v. McALARY.

No. 3952.    Opinion Filed November 24, 1914.

(144 Pac. 583.)

1. **APPEAL AND ERROR—Evidence—Review—Opinion Evidence —Qualifications of Expert.** The question of opinion evidence is addressed very largely to the sound discretion of the trial court, and its ruling that the witness is sufficiently qualified will not ordinarily be disturbed unless it clearly appears that this discretion has been abused.

2. **EVIDENCE—Opinion Evidence—Value—Competency of Expert.** The question of opinion evidence as to the value of farm property does not ordinarily involve a question of science or skill upon which only an expert possessed of technical training can speak. But ordinarily where the value of farming lands is an issue, intelligent persons living in the vicinity of the property involved, who are acquainted with the market value of similar property in the locality, and of the particular property in question, may give their opinion as to its value.

3.    **EMINENT DOMAIN—Appeal—Review—Excessive Damages.**
In an action for damages sustained by a railway right of way
across one's premises, where four or five witnesses living in
the vicinity of and well acquainted with the land have testi-
fied to the value of the land both before and after the railway
was built, and thereby fix the amount of damages sustained
by the owner of the land, and the verdict of the jury is for an
amount far less than the amount fixed by the witnesses, such
verdict will not be disturbed because of lack of sufficient evi-
dence to sustain same, and, in the absence of some showing
to the contrary, it will not be disturbed on the ground that
the jury was influenced by bias and prejudice, and that the
verdict was excessive.

(Syllabus by Harrison, C.)

*Error from District Court, Dewey County;*

*G. A. Brown, Judge.*

Eminent domain proceeding by the Wichita Falls & North-
western Railway Company against B. A. McAlary. From a
judgment and order overruling motion for new trial, the railway
company brings error. Affirmed.

*Appelget & Herod,* for plaintiff in error.

*W. P. Hickok,* for defendant in error.

Opinion by HARRISON, C. This was a proceeding by
the railway company to condemn certain land for right of way
purposes, and from the appraisement made by a board of ap-
praisers McAlary appealed to the district court, in which a ver-
dict was rendered in favor of McAlary for the sum of $800 by
reason of the right of way crossing his land. From the judg-
ment and order overruling motion for new trial the railway
company appealed upon seven assignments of error, all of which
may be considered under three heads: First, the competency of
witnesses to testify as to the value of the land; second, exces-
sive damages; and, third, error in instructions of the court.

Complaint is made as to the competency of certain witnesses
to testify as to the value of the land appropriated by the railway
company and as to the damage thereby done to McAlary's land.
Among the witnesses who testified in this regard were neighbors
and farmers in the neighborhood in which the land in question

was situated. The competency of this class of testimony has been decided by this court in the case of *Wichita Falls & Northwestern Ry. Co. v. Harvey, ante,* 144 Pac. 581, a companion case to the case at bar, in which the court said:

· "The value of property (meaning lands) does not here involve a question of science or skill upon which only an expert possessed of technical training can speak? When it comes to the question of the value of farming lands, intelligent persons living in the neighborhood of the property, who are acquainted with the market value of similar property in the locality, and of the particular property in question, may give their opinion as to its value"

—citing a number of decisions in support of such holding, and concluding:

"The particular qualifications of a man to give an opinion as shown by his examination will affect its probative force. If he is highly intelligent, is shown to have had large experience relating to the matters of which he testifies and personal knowledge of the subject-matter, his evidence will weigh more with the jury than when he is shown to have less intelligence and less knowledge about the particular matter involved. After all, the question of receiving opinion evidence, or whether or not the witness offered has been shown to be qualified to give an opinion, is a matter addressed very largely to the discretion of the trial court, and this discretion will not ordinarily be disturbed unless it be shown to have been abused."

The witnesses herein complained of show by their testimony that they were men of ordinary intelligence; that they were farmers, were acquainted with the land in that neighborhood and its value, and were acquainted with the land in question, and each fixed what in his opinion was the value of the land before the railway was built through and what its value was afterward, the difference in the two values being what they considered the damage done to the land. We think their testimony was competent and admissible for whatever probative force it might have had with the jury.

The contentions that the damages assessed by the jury were excessive, and that the jury were actuated by prejudice in the amount of the verdict rendered, and that the verdict is not sus-

tained by the evidence are not borne out by the record. A plat of the premises shows that McAlary's farm was divided by a fence running north and south clear across the land and cutting off something less than one-third of same into a pasture, leaving something over two-thirds on the east side of the pasture fence which was in cultivation, and that the railway ran diagonally across the cultivated land, entering same a little north of the southeast corner and going out near the northwest corner of the field or cultivated land, embracing about 6 22-100 acres in the right of way, in addition to the inconveniences caused McAlary in going back and forth across the railway track in order to cultivate the two tracts in the shape they were left after the railway had crossed through. He testified that, in addition to the 100-foot strip taken up by the right of way, and in addition to other damaging inconveniences caused by the railway, he would also lose the necessary width for turning rows in cultivating his land on each side of the right of way which, but for the railway, would not have been lost. He testified that he was damaged to the amount of $1,500. Kygar testified that in his opinion the damage sustained would amount to $1,500. Buxter testified that in his opinion the land was damaged $900 or $1,000. Johnson testified that in his opinion it was damaged $2,000. The jury heard this testimony, together with the testimony of other witneses, and returned a verdict for $800. This shows not only that there was sufficient evidence to reasonably support the verdict, but shows clearly that the jury were not actuated by prejudice in arriving at their verdict.

As to the contention that the court erred in its instructions to the jury and that the plaintiff in error was prejudiced thereby, we cannot agree. We have examined the instructions and consider them a reasonably fair statement of the law applicable to the facts in this case, and, from an examination of the record and of the argument and authorities cited in counsel's brief, we find no just reason for reversing the judgment.

The judgment is, therefore, affirmed.

By the Court: It is so ordered.