## WICHITA FALLS & N. W. RY. CO. v. HARVEY *et ux.*

No. 3951. Opinion Filed November 24, 19-4.
(144 Pac. 581.)

1. **EMINENT DOMAIN—Condemnation Proceedings—Award of Damages—Sufficiency of Evidence.** The damages allowed were not excessive under the proof.

2. **SAME—Instructions—Recovery of Damages.** There was ample evidence as to the value of the land actually appropriated for a right of way; and an instruction to the effect that the landowner was, in all events, entitled to recover the value of the land actually taken by the railway, was not only abstractly correct, but was appropriate and necessary under the evidence.

3. **APPEAL AND ERROR—Discretionary Ruling—Competency of Witness.** The question, when opinion evidence is offered, as to whether the witness has been shown to possess sufficient qualifications to express an opinion, is addressed very largely to the sound judicial discretion of the trial court, and its ruling that the witness is sufficiently qualified will not ordinarily be disturbed, unless it clearly appears that this discretion has been abused.

4. **EVIDENCE—Opinion Evidence—Competency—Value of Land.** The question of the value of property does not, ordinarily, involve a question of science or skill, upon which only an expert possessed of technical training can speak; and, where the value of farming lands is in issue, intelligent persons, living in the vicinity of the property involved, who are acquainted with the market value of similar property in the locality and of the particular property in question, may give their opinion as to its value.

5. **SAME.** A farmer, who testifies that he has lived for years in the vicinity of and knows the land involved, the character

and productivity of its soil, its location, how it lies, how the railway runs across and subdivides it, and that he knows the fair cash market value of the land, before and after a railway has appropriated a right of way through it, is sufficiently qualified to give his opinion of such value.

(Syllabus by Brewer, C.)

*Error from District Court, Dewey County;*

*G. A. Brown, Judge.*

Condemnation proceeding by the Wichita Falls & Northwestern Railway Company against Elijah D. Harvey and his wife, Setta Harvey. Judgment for defendants, and plaintiff brings error. Affirmed.

*Appelget & Herod,* for plaintiff in error.

*W. P. Hickok,* for defendants in error.

Opinion by BREWER, C. The plaintiff in error, as plaintiff or petitioner below, filed in the district court of Dewey county a petition for the purpose of condemning a strip of land to be used as a right of way across two quarter sections of land belonging to the defendants. The land sought to be thus appropriated amounts to practically twelve and three-quarters acres. Appraisers were appointed, and they qualified, viewed the land, and made an award of damages, which was unsatisfactory to the defendants, and they in due time filed their exceptions to the award so made, and demanded that the amount thereof be submitted to a jury. Thereafter the cause came on for trial; the only question to be determined being that of the amount of damage sustained by the defendants. After hearing the evidence introduced by both sides, and the instructions of the court, the jury by its verdict gave the defendants $1,500. A number of propositions are urged in the brief of plaintiff in error, some of which it will perhaps not be necessary to notice in detail, and none of which appear to us to be substantial.

The plaintiff in error, for instance, contends that the damages allowed are excessive, yet the record shows that ten different witnesses, called for the defendants, testified that the

difference in the value of the two quarter sections, based upon the values of the land before and after the taking, was within a range between $1,500 and $2,500. Four witnesses who testified for the railway company covered a range of damage from $400 to $1,200. One of the plaintiff's witnesses, a Mr. Houser, stated that the land before the taking was worth $5,500, and, after the taking, from $4,300 to $4,600. The jury, with the evidence of all the witnesses in mind, found the real difference in value to be $1,500. We know of no theory of law that would justify this court in saying that the award is excessive.

And again, the plaintiff in error contends that the court committed reversible error in its instruction No. 3. This instruction informed the jury that the defendants were entitled, at all events, to the actual value of the land taken and appropriated. Plaintiff's complaint does not to the language used in the instruction. It is admitted that it clearly states the law; but it is claimed that, although it states the law properly, yet that it should not have been given, for the reason that there was no competent evidence showing the value of the twelve and three-quarter acres of land actually taken. Plaintiff says in beginning the argument on this point that:

"The only testimony on this proposition is that of the defendant himself, wherein he says: 'Q. The land that was taken was worth $50 per acre? A. $50.' "

The plaintiff then argues that this furnished no testimony of value to warrant the court in telling the jury that defendants, in any event, would be entitled to the actual value of the land taken, for the reason plaintiff says that, on cross-examination, it is shown that at the same rate per acre defendants' entire tract of land would have a value nearly double that placed upon it by any of the witnesses. To show how lacking in merit this contention is, it is only necessary to say that it is shown in the evidence that the land actually taken consisted in great part of the best farming land in the two quarter sections. It might well happen that the land taken in a right of way would be worth $50 an acre, and much of the rest of the tract be far less

valuable; besides, the plaintiff in error is in error when it asserts that defendants' was the only evidence as to the value of the land actually taken, for on cross-examination one of defendants' witnesses, as shown at page 62 of the record, shows the value of the land taken as follows:

"Q. I will get you to state what the value, actual cash value, of the twelve and three-quarter acres of land actually taken was? A. I should judge that the land was worth $40 or $45 per acre. Q. $40 or $45 per acre? A. That is the raw land, I mean."

Two other witnesses also testified as to the value of this strip. We think this conclusively shows that the instruction complained of, which it is confessed is abstractly correct, had substantial evidence upon which to base it.

And again, the plaintiff in error, in arguing that defendants' witnesses were not qualified to speak as to value, and that their statements are not worthy of consideration and furnish no competent proof upon which to base the damages, takes up the witness Milo Johnson, who testified that defendants' land before the taking was of the value of $8,000, and that after the construction of the railroad it was worth $1,800 less. To destroy this testimony, the plaintiff says, "This witness sold his own farm a year previous, adjoining the Harvey land, for $3,-100." Well, suppose he did, there is no suggestion as to how large his farm was, whether he had 40 acres, a quarter section, or two quarter sections, as did the defendants. We hesitate to suggest, for we think it is a part of the common knowledge of men, that the quantity of land in a farm would materially affect a lump sum valuation.

What appears to be the most seriously urged of plaintiff in error's contentions is based upon the claim that the witnesses who testified as to the value of the lands involved, before and after the taking, were not shown to be qualified to express an opinion as to values. It would probably be a sufficient answer to this contention to merely say that at least seven of the witnesses examined gave their testimony as to values without any

objection being made to their so doing· because of a want of qualification. But we have gone over the testimony of all this class of witnesses, and think that, with possibly one or two exceptions, they were shown to be sufficiently qualified. One was a banker and farmer, another a land agent making farm loans, and a number of them farmers and landowners in the vicinity of defendants' farm, having lived, there · from five to thirteen years. They testified they knew the land, the character of the soil, the location, how it lay, as to its productivity, how the railway ran across it and subdivided it, and that they knew the fair cash market value of the land in question. With this knowledge we think they were qualified to give their opinion as to the value of the land prior to the taking and its value thereafter. .

The value of property does not, ordinarily, involve a question· of science or skill, upon which only an expert possessed of technical training can speak. When it comes to the question of the value of farming lands, intelligent persons living in the neighborhood of the property, who are acquainted with the market value of similar property in the locality, and of the particular property in question, may give their opinion as to its value. 13 Ency. Ev. p. 481. In *Le Roy & W. Ry. Co. v. Hawk,* 39 Kan. 638, 18 Pac. 943, 7 Am. St. Rep. 566, the second paragraph of the syllabus reads:

"A farmer who resides in the vicinity of farming land, who is ·acquainted with its situation and quality, its advantages and disadvantages, and who states that he knows its market value, is competent to give an opinion in regard to what the value is, although he may not have been engaged in buying or selling land, and although such opinion is not based on the prices paid upon actual sales of that or similar land."

*K. C. & S. W. Ry. Co. v. Ehret,* 41 Kan. 22, 20 Pac. 538; *K. C. & S. W. Ry. Co. v. Baird,* 41 Kan. 69, 21 Pac. 227; *L. & W. Ry. Co. v. Ross & Packer,* 40 Kan. 598, 20 Pac. 197, 2 L. R. A. 217; *Barnett v. St. A. F. W. P. Co.,* 33 Minn. 265, 22 N. W. 535.

The particular qualifications of a man to give an opinion, as shown by his examination, will affect its probative force. If he

is highly intelligent, is shown to have had large experience relating to the matters of which he testifies, and personal knowledge of the subject-matter, his evidence will weigh more with the jury than that of one who is shown to have less intelligence and less knowledge about the particular matter involved. After all, the question of receiving opinion evidence, or whether or not the witness offered has been shown to be qualified to give an opinion, is a matter addressed very largely to the discretion of the trial court, and this discretion will not ordinarily be disturbed unless it be shown to have been abused. *A., T. & S. F. Ry. Co. v. Baker*, 37 Okla. 48, 130 Pac. 577. And, before passing from this point, it is only proper to say that the evidence involved here does not come under the rule announced in the case of *W. F. & N. W. Ry. Co. v. Munsell*, 38 Okla. 253, 132 Pac. 906.

There are no other points made that require, as we understand the record, a discussion upon our part. They are wholly without merit.

The judgment in this case should be, in all things, affirmed. By the Court: It is so ordered.