MEIER v. EDSALL.

No. 30875.  May 25, 1943.

*137 P. 2d 926.*

H. H. McKeever, of Enid, and Nelson Crow, of Watonga, for plaintiff in error.

C. W. Wisdom, of Okeene, and E. Blumhagen, of Watonga, for defendant in error.

PER CURIAM. Imogene Edsall, a minor, by Reno Edsall, her next friend and father, hereinafter referred to as plaintiff, commenced this action against the defendant, Charles Meier, to recover damages for a personal injury resulting from an automobile collision on State Highway No. 8 on June 19, 1940. The cause was tried to a jury which returned a verdict for plaintiff for $500, and judgment was entered thereon. Defendant appeals and in nine assignments of error presents four general propositions which, after a statement of facts, will be discussed in their order.

The facts are, substantially, that plaintiff, a young girl, was traveling south from Okeene, Okla. She was riding in an automobile driven by her mother; when the automobile reached an intersection on Highway No. 8, approximately eight miles from Okeene, it collided with an automobile from the east traveling west driven by the defendant. The collision caused plaintiff to suffer a painful and discomforting knee injury. The testimony is in irreconciable conflict. Plaintiff's mother testified that defendant's automobile, going at a speed of between 25 and 30 miles an hour, drove into the intersection directly in front of her so that she was unable to see her danger until she was within ten or fifteen yards of defendant's automobile. Defendant testified that he approached the intersection and saw the car in which plaintiff was riding 300 feet away, and judged that he could cross the highway ahead of the oncoming automobile; that he was driving ten or twelve miles an hour. It was admitted that plaintiff was in the automobile to the right of the defendant; that she was driving not to exceed 30 miles an hour. It is further admitted that the defendant did not stop before coming on to the highway. The automobile in which plaintiff was riding was driving south on a well traveled highway. The automobile in which defendant was driving was on a section line running east and west intersecting said highway.

It is first argued that the court erred in refusing to grant a new trial because on his voir dire examination a juror did not disclose that he was a cousin to the son-in-law of plaintiff's father. This contention cannot be sustained. The juror was not questioned by defendant on the phase of the claimed disqualification. It was urged first at the hearing on the motion for new trial. Defendant states that he did not know of the relationship until after the trial. It is not urged that the juror was prejudiced or that such prejudice resulted in a mistrial. In Rice v. Emerson, 181 Okla. 51, 72 P. 2d 498, we held that a very large discretion is vested in the court in determining the competency and qualification of jurors, and its action should never be disturbed by an appellate court unless an abuse of such discretion is clearly apparent. The abuse of discretion is neither clearly apparent nor shown in the case at bar.

Defendant next complains of a refusal to give his requested instruction No. 1, to the effect that defendant, being in the intersection, had the right to cross ahead of the automobile in which plaintiff was riding. The court in its instructions reasonably defined the duties of persons approaching intersections and we find no error in refusing instruction No. 1. Where the court fully and fairly instructs the jury on all material issues arising in the case, it is not error to refuse requested instructions. Anthony v. Colvin, 191 Okla. 476, 130 P. 2d 819; Kansas, Oklahoma & Gulf Ry. Co. v. Pruitt, 191 Okla. 131, 128 P. 2d 231. Likewise we find no error in the giving of instruction No. 11. Defendant concedes that it was not error, but merely claims that it was necessary to give his requested instruction No. 1 in connection therewith, and relies upon McIntire v. Burns, 172 Okla. 152, 42 P. 2d 143. We do not find the syllabus allegedly quoted by the defendant in his brief in McIntire v. Burns, supra. The issues were fairly submitted without the requested instruction. In this connection, see Sinclair Texas Pipe Line Co. v. Ross, 175 Okla. 435, 54 P. 2d 204.

It is next argued that the damages are excessive. As above stated, the plaintiff sustained a painful knee injury for which she was awarded $500. When forced to walk to school she testified that her knee gave her trouble. There is evidence to sustain the verdict as to amount and nothing appears in the record tending to show that the minds of the jury were inflamed so as to induce the belief that it was actuated by passion, prejudice, partiality, or corruption. In such case we have held that the verdict will not be set aside on appeal as excessive. Henshaw v. Brunson, 137 Okla. 180, 278 P. 645; Marathon Oil Co. v. Sanders, 180 Okla. 642, 71 P. 2d 956; Fixico v. Harmon, 180 Okla. 412, 70 P. 2d 114. The contention that the verdict is not sustained by any competent evidence is without merit. The evidence was in conflict and defendant seeks to have this court accept his view thereof. The jury was the exclusive judge of the weight and sufficiency of the evidence. Keen Bottling Co. v. Morgan, 154 Okla. 167, 7 P. 2d 147.

Finding no error, the judgment in all respects is affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent.