E. J. BURKE, Plaintiff In Error,

v.

Billy McKENZIE and May P. McKenzie, Defendants in Error.

No. 37474.

Supreme Court of Oklahoma.

June 25, 1957.

Roy Frye, Sr., Roy Frye, Jr., Sallisaw, for plaintiff in error.

J. Fred Green, Fred D. Green, W. S. Agent, Sallisaw, for defendants in error.

CORN, Vice Chief Justice.

This is an appeal from a judgment rendered upon a jury verdict, in an action brought by plaintiff to recover damages alleged to have resulted from the negligence of defendant and his employees in the conduct of certain aerial spraying operations. The present case was the second of a series of five cases successively tried against this defendant at the same term of court. The issues presented by the pleadings are identical with those in Burke v. Thomas, Okl., 313 P.2d 1082. The factual matters disclosed by the testimony, adduced principally from the same witnesses, are the same except for variation in items of damage and amounts claimed therefor, so that the evidence in the present case requires no further elaboration. However, an additional and decisive question is presented by this appeal, which necessitates recitation of matters which occurred during the trial.

When this case was ready for trial, November 29, 1955, the defendant announced not ready, objected to going to trial and asked a continuance. The motion for continuance was for the reason the jury panel consisted of only 23 jurors, twelve of whom had participated in the previous case (Thomas v. Burke) involving identical questions of fact, wherein such jurors had returned a verdict finding the defendant liable; that such jurors were not impartial but were prejudiced against this defendant. Defendant's objection and motion were overruled and the trial proceeded with voir dire examination of the prospective jurors.

Voir dire examination disclosed that of the twelve jurors called to the jury box seven were jurors in the trial of the previous case. One of them (Webster) disclaimed any knowledge of the purported facts of the case, but admitted he felt had it not been for defendant "the spraying wouldn't have gone on," and it would require presentation of evidence to change his mind as to this fact. Defendant's request to excuse this juror was denied. The trial court then inquired whether the juror had an opinion whether defendant sprayed plaintiff's property and, upon receiving a negative answer, asked if it was true that since he had no idea whether defendant

sprayed plaintiff's property then the juror could not know or have an opinion whether plaintiff suffered damage. Upon again re-receiving a negative answer the court ruled the juror not to be disqualified.

Another prospective juror (O'Neal) had heard the testimony in the previous case, and upon being asked whether such evidence would influence his judgment in the case being tried, stated that if the evidence showed plaintiff was damaged by the spraying he would think defendant was responsible. The request to excuse such juror on the ground he was no longer impartial was refused.

Others of the empaneled jurors, who sat in the trial of the previous case, admitted knowledge of the facts concerning defendant's activities in the spraying operations, but stated such knowledge would not influence their judgment in the trial of this case. At the conclusion of the voir dire examination defendant moved to excuse all jurors who sat in the case of Thomas v. Burke, supra, because the facts were the same and such jurors had returned a verdict determining defendant's liability. The motion was denied.

Thereupon plaintiff's counsel inquired of the six jurors then empaneled, who participated in the first case whether that testimony would influence their decision in the case to be tried. These jurors indicated that they would not be influenced, and that plaintiff would have to prove defendant's responsibility for plaintiff's damage before they would hold defendant liable.

Defendant then examined another juror (Treat) who sat in the first case, and who stated that he had knowledge of the facts relating to the time and place of the spraying and resulting damages. This juror admitted that if the evidence disclosed plaintiff had suffered some damage he would consider defendant responsible therefor because of what he heard in the other case, and stated it would take evidence on defendant's part to show he was not responsible. After defendant's motion

to excuse this juror for cause the following occurred.

"The Court: In this case would you just assume that because you rendered a verdict in the first case that Burke is liable in this case, or would you require the plaintiff McKenzie to prove that Burke actually sprayed his land and did him the damage?

"Juror: That's right. That's the way I see it.

"The Court: All right then; overruled.

"Mr. Frye: Exception.

"The Court: I'll say to the jury the mere fact that Burke might have sprayed the land of somebody else and might be liable in damages doesn't mean he is liable to everybody who might sue him, but the plaintiff must prove that Burke actually sprayed his land and what his damages are."

Following these proceedings the jury was sworn and the trial proceeded. After hearing the evidence, and under oral instructions from the trial court, the jury returned a verdict in plaintiff's favor ($1,500), upon which the judgment appealed from was rendered.

The various assignments of error are presented under five propositions. However, it is unnecessary to consider other than the first of these since the case must be reversed and remanded for new trial. The question raised on appeal is asserted by the following proposition:

"That the court erred in overruling the defendant's motion for a continuance and in forcing the defendant to try the case before the same panel of jurors who had, during the same term of court, heard all or practically all of the evidence of the defendant and plaintiffs and who had rendered a verdict against this defendant in similar cases brought by other plaintiffs. The court erred in overruling the defendant's challenges to the individ-

ual jurors who tried similar cases against this defendant."

Defendant points out that the right of trial by jury is a fundamental right recognized and guaranteed under our Constitution. Const. art. II, Sec. 19. And, further, the need for matters to be tried only before impartial jurors is recognized in our statute, 12 O.S.1951 § 572, which provides:

"Causes for challenging jurors.— If there shall be impaneled, for the trial of any cause, any petit juror, who shall have been convicted of any crime which by law renders him disqualified to serve on a jury; or who has been arbitrator on either side, relating to the same controversy; or who has an interest in the cause; or who has an action pending between him and either party; or who has formerly been a juror in the same cause; or who is the employer, employee, counselor, agent, steward or attorney of either party; or who is subpoenaed as a witness; or who is of kin to either party; or any person who shall have served once already on a jury, as a talesman on the trial of any cause, in the same court during the term, he may be challenged for such causes; in either of which cases the same shall be considered as a principal challenge, and the validity thereof be tried by the court; and any petit juror who shall be returned upon the trial of any of the causes hereinbefore specified, against whom no principal cause of challenge can be alleged, may, nevertheless, be challenged on suspicion of prejudice against, or partiality for either party, or for want of competent knowledge of the English language, or any other cause that may render him, at the time an unsuitable juror; but a resident and taxpayer of the State or any municipality therein shall not be thereby disqualified in actions in which such municipality is a party. The validity of all challenges shall be determined by the court. R.L.1910, § 4997."

Defendant's position is that the law generally recognizes that jurors must be impartial, and bias or prejudice in a case disqualifies one as a juror thereon and provides cause for a challenge. See 31 Am.Jur., Jury, Sec. 133. Defendant recognizes the general rule, that whether a juror's state of mind is such as will prevent his acting with complete impartiality is a matter largely within the discretion of the trial court. In 31 Am.Jur., Jury, Sec. 162, the rule is stated as follows:

"Jurors who have acted in a case involving an essential question of fact have been held incompetent to sit in a subsequent case where such question of fact is one of the material issues; this is on the ground that the juror is biased in that he has formed or expressed an opinion, and in some cases the rule has been adhered to even though the juror declared on his voir dire that he was unbiased. This rule has been applied where one of the parties was the same in both cases."

Defendant, however, urges the situation disclosed by this record, reflects the lack of impartiality on the part of these jurors, since seven of them sat in the previous case, made a determination of the fact question, and expressed their opinion thereon by a written verdict which established defendant's liability.

This court has had no occasion to consider the identical question heretofore. However, the general rule, that jurors called for trial and who have tried the same defendant on a similar charge at the same term of court cannot be considered as impartial, applies in criminal cases in this jurisdiction. Scrivener v. State, 63 Okl.Cr. 418, 75 P.2d 1154. And, where the impartiality of a juror is questioned the court must be satisfied such juror is impartial, and it is the trial court's duty to resolve any doubt on the question in favor of the defendant. Although the rules applied in criminal cases are not binding upon this court, both the reasoning and the rule

based thereon may be considered persuasive.

■ We are called upon to determine whether jurors who participated in trial of a case where one party was the same and which involved an essential question of fact are incompetent to serve upon a jury in another case where the question of fact is a material issue. Satisfactory determination of this question necessitates consideration of two issues:

1. Did previous consideration of the essential fact questions serve to cause bias, prejudice or partiality in the minds of these jurors?

2. When it appeared that some of the jurors already had some opinion in the matter (concerning the nature of defendant's acts and his responsibility therefor) by reason of having heard the evidence relative to the facts, was it a proper exercise of judicial discretion for the trial court to hold them qualified to serve?

The basic issue to be presented in this case involved defendant's liability for damage to the property of plaintiff for acts allegedly committed by defendant's employee. In the previous case the jury determined plaintiff's property had been sprayed with poison from a plane piloted by defendant's employee, and the damage to the property resulted from such spraying and not from the drouth as contended by the defendant. These questions decided by the jurors, and expressed by their verdict in the previous case, were the questions the jury was to be called upon to decide in this action. Admittedly certain of the jurors' minds were settled as to such facts. This was true at least to the point they felt defendant would have to produce evidence to remove such opinion. And the source of the information upon which such opinions were founded was the sworn testimony of certain witnesses who were to testify again in the case these jurors were being impaneled to try.

The rule recognized as expressing the weight of authority upon this question is stated in 68 L.R.A. 873 (II) as follows:

"Jurors who have acted in a case involving an essential question of fact are held incompetent to sit in a subsequent case where such question of fact is one of the material issues. This is on the ground that the juror is biased, that he has formed or expressed an opinion; and in some cases this rule was held notwithstanding the juror on his voir dire declared that he was unbiased."

Most of the decisions supporting the rule quoted were decided many years ago. However, it may be assumed that general recognition and application of the rule have precluded presentation of the question in more recent years. Judicial expressions of the rule vary, but in every instance the underlying reasoning is that a juror who has participated in determination of a question has been so influenced by the evidence as to have formed opinions which prevent him from being fair and impartial in another trial where one of the parties is the same, and the same question of fact is involved.

In Baker v. Harris, 60 N.C. 271, Winst. 277, the action was for fraudulent removal of a debtor, thereby damaging a creditor. In deciding that a juror, who sat in a case involving a suit between another creditor and the same defendant, was incompetent and subject to removal for cause the court said:

"It is a well-established and ancient usage not to allow a juror to sit a second time on the same cause, and it matters not whether the same only, or other additional or different, witnesses are to be examined. The juror is alike unfit. This does not differ substantially from the case now before us. Then the corpus to be proved is precisely the same that it was on the trial at the suit of the other creditor. It is in the nature of a criminal information in which the allegation is that defendant removed, or assisted to remove, the debtor from the county with intent to defraud creditors. If he did so in respect to one creditor, he did so in re-

spect to all. The juror has decided the case under oath as to one, and, if the conclusion to which he came in that case is true, it is equally true of all the others, however they may happen to appear on divers trials. It is not in the nature of man, even in the most conscientious of the race, to devest himself altogether of prepossession or bias in favor of a judgment so solemnly formed; and it is difficult to perceive how the bias can be less in the special case before us than in the case of a juror called to try the same cause a second time. It is indeed substantially a requirement of the latter class, and is a strain which the law does not allow to be put upon the conscience of a juror. It is important, in order to preserve the trial by jury as a safeguard for rights, that the juror should not only be intelligent and of sound moral sense, but free from all prejudice."

In Butler v. Greensboro Fire Ins. Co., 196 N.C. 203, 145 S.E. 3, it was held:

"Jurors who returned first verdict against defendant, on whose motion it was set aside for surprise and excusable neglect of counsel, who was not present during trial, were disqualified to serve on second trial, and defendant was entitled to new trial after second verdict for plaintiff."

In McDonough v. Blosson, 1012, 109 Me. 141, 83 A. 323, 324, that court quoted from Garthwaite, Grinnin & Co. v. Tatum, 21 Ark. 336, 76 Am.Dec. 409, as follows:

"By their verdict in the other case, the jurors had formed and expressed their opinion upon this case, and the fact that it was done on oath, after hearing all the facts and after full deliberation thereof, amid the solemnities and under the direction of judicial proceedings, could have no other effect than to incline them to render such verdict as they had rendered before. The law presumes them to have been under a disqualifying bias."

That court reached the same conclusion, based upon the decision in the Tatum case, supra.

In Morris v. McClellan, 169 Ala. 90, 53 So. 155, 156, the court said:

"If a juror has acted in a previous case, whether the parties are identical or not, but which involved the controverted facts in the present case, whether there was a verdict or mistrial, he cannot be considered an impartial juror upon the consideration of the same facts in a succeeding trial and should be excluded, notwithstanding these facts did not give a special statutory ground of challenging."

Numerous cases have dealt with the question upon the basis of the bias or partiality of a juror who admits to having a fixed opinion, but who testifies, nevertheless, that he can render a fair, impartial verdict. In Coughlin v. People, 144 Ill. 140, 33 N.E. 1, 12, 19 L.R.A. 57, in considering the competency of a juror who expressed prejudice, but testified this would not affect his verdict, that court quoted from Winnesheik Ins. Co. v. Schueller, 60 Ill. 465, as follows:

"A juror should stand indifferent between the parties. No bias should influence his judgment, and swerve him from strict impartiality. * * * It is not necessary that his unfavorable impressions should be so strong that they could not be shaken by evidence. It is sufficient if proof be necessary to restore his impartiality. A party should never be compelled to produce proof to change a preconceived opinion or prejudice which may control the action of the juror."

In the case of Edwards v. Griner, 42 Ga. App. 282, 155 S.E. 789, it was said:

"Jury should be free from suspicion of fixed opinion on any material fact in issue as to parties, subject-matter, or credibility of witnesses."

In Barnett v. St. Francis Levee Dist., 125 Mo.App. 61, 102 S.W. 583, Syll. 1, states:

"Veniremen, who had heard all the testimony in another case involving the same issues presented in the case in which they were called, and who had formed an opinion regarding its merits, were disqualified, though they stated they thought they could try the case impartially according to the evidence."

And, in the body of the opinion, the court said:

"An opinion once formed from listening to the testimony of a cause cannot, presumably, be removed or altered, except on proof of a different state of facts."

This reasoning was considered valid even though the jurors "thought" they could try the case impartially according to the evidence.

The foregoing sufficiently disclose the basic reasoning which supports the rule to be applied herein. Too much precaution cannot be observed to guard against improper influence and preserve the purity of jury trials. Strictness is necessary to give due confidence to the parties in the results of their cases. Due regard to careful protection of the rights of litigants, which should actuate trial courts, requires that they scrupulously confine the proceedings wherein these rights are to be settled, within recognized boundaries providing for determination by impartial trials.

Plaintiff defends the correctness of the trial court's ruling upon the ground that determination of whether a juror is affected by bias or partiality rests within the sound discretion of the trial court, whose ruling thereon is not to be disturbed unless an abuse of discretion is shown. Plaintiff cites Wilkes v. United States, 6 Cir., 291 F. 988; United States v. 662.44 Acres of Land, D.C., 45 F.Supp. 895; and Dew v. McDivitt, 31 Ohio St. 139, to support the argument that determination of the matter is within the trial court's discretion, under the rule stated in 31 Am.Jur., Jury, Sec. 142.

Examination of the Wilkes case, supra, reflects that decision involved a criminal case, and that the rule applied differs from the rule in criminal cases in this jurisdiction. United States v. 662.44 Acres of Land, supra, involved condemnation proceedings. Clearly the rule in such cases could not apply generally, for the reason that there would be no essential question of fact to be tried out in each case, and the evidence relative to value in each case necessarily would be different.

The Dew case, supra, would seem to support plaintiff's argument. However, careful reading of the reported case reflects that the Ohio statute in force at the time (1876) provided no grounds for what is referred to as "principal challenge." The only challenge allowed against such juror was referred to as a challenge "for favor" upon the grounds of suspicion of prejudice or partiality, among other causes. The court stated it was not enough that some matter necessarily involved in the issue may have been prejudged by an opinion formed or expressed, unless the court, in exercising the wide latitude of discretion allowed, should find such opinion disabled the challenged juror from delivering an impartial verdict. The court then stated there was a limit beyond which the *discretion* should not be allowed to go, i. e. where a juror formed or expressed opinion on merits of whole issue and the allegation of prejudice was not clearly rebutted. The court then said, "* * * it is a great mistake to suppose that our statute was intended to enlarge or extend the causes of challenges for favor, or to narrow the discretion of the trier of their validity; * * *."

Recognition by this court of the general rule, relative to the trial court's discretion in determining the competency of jurors, may be observed in Meier v. Edsall, 192 Okl. 529, 137 P.2d 926. However, recognition of the rule decrees necessity for examination of the trial court's action to determine if there has been an abuse of discretion.

■ A trial court's discretion to do, or to refuse to do something, in certain instances is a legal discretion, to be exercised in accordance with fixed principles of law. The term (judicial discretion) is the subject of many definitions, though generally recognized as being synonymous with judicial power. In Kidd v. Commonwealth, 255 Ky. 42, 74 S.W.2d 944, "Judicial Discretion" was said to be an impartial discretion, guided and controlled by fixed legal principles; a discretion to be exercised in conformity with the spirit of the law (an equitable decision as to what is proper and just under the law) and in a manner to subserve and not defeat the substantial ends of justice.

And in Chicago, R. I. & P. Ry. Co. v. Pickett, 169 Okl. 123, 36 P.2d 284, 286, we recognized this principle in the following statement:

"There are many definitions of judicial discretion. As said in Deeds v. Deeds, 108 Kan. 770, 196 P. 1109, 1110:

' "Judicial discretion" implies the liberty to act as a judge should act, applying the rules and analogies of the law to the facts found after weighing and examining the evidence'; and as stated in Smith v. Hill [3 Cir.], 5 F.2d 188: 'Judicial discretion is not the indulgence of a judicial whim, but is the exercise of judicial judgment based on facts and guided by law'; and in Conway v. Minnesota Mutual Life Insurance Co., 62 Wash. 49, 112 P. 1106, 40 L.R.A.,N.S., 148: 'The term "judicial discretion" may be defined generally as a discretion which is sound and guided by fixed principles of law.' "

Examination of this record discloses the trial court assumed to exercise judicial discretion by determining the competency of the challenged jurors solely upon the basis that from their own testimony that they considered themselves able to render an impartial verdict. And, this was done without reference to other known factors, or equitable considerations as to what was just and proper under the circumstances.

We are of the opinion the trial court erred in holding, over defendant's objection, that all of the challenged jurors who sat in the previous trial involving the same questions of fact, were competent to sit in the present case, particularly when it appeared upon examination that certain of such jurors had preconceived opinions which could have only been removed, if at all, by the introduction of evidence.

The judgment is reversed and the case remanded for new trial.