## RICE v. EMERSON et al.

No. 27497.   Oct. 12, 1937.

W. P. Morrison, Ralph H. Schaller, and Glasco & Wilson, for plaintiff in error.

W. R. Withington and C. G. Moore, for defendants in error.

CORN, J. This is an appeal from a final order and judgment of the district court of McClain county overruling plaintiff's motion for a new trial following an adverse verdict and judgment in an action for personal injuries alleged to have been sustained by plaintiff in a collision between a truck owned by the defendant E. S. Emerson and driven by the other defendant, Olney Emerson, his agent, and an automobile driven by J. J. Godbey in which the plaintiff was a passenger. The parties will be referred to herein in the order of their appearance in the trial court.

The plaintiff first complains of error in the overruling of his challenge of the juror McKinney for cause, who testified that he had an opinion in said cause which would take evidence to remove.

Said challenge for cause being overruled, the plaintiff then peremptorily challenged, and the court excused, said juror. This being the plaintiff's third and last peremptory challenge, and desiring to challenge peremptorily the juror Mayfield, who had been accepted upon the voir dire examination, the plaintiff asked leave of the court for an additional peremptory challenge for that purpose, but such request was refused by the court.

The testimony of a juror upon the voir dire examination should be considered as a whole in determining his qualifications to serve as a juror in a cause. In this case the juror McKinney testified in his examination by the plaintiff that he had heard the accident discussed and had formed an opinion in regard to it which would take evidence to remove, but in his examination by the defendants he testified that his opinion was based on rumor and hearsay, and that regardless of what he had heard about the case, his opinion would be based upon what he heard from the witness stand, and not influenced by what he had heard outside of court, and that he could try the cause fairly and impartially according to the law and the evidence.

Section 354, O. S. 1931 (Civil Procedure), sets forth the causes for challenge of a juror for cause, as follows:

"If there shall be impaneled, for the trial of any cause, any petit juror, who shall have been convicted of any crime which by law renders him disqualified to serve on a jury; or who has been arbitrator on either

side, relating to the same controversy; or who has an interest in the cause; or who has an action pending between him and either party; or who has formerly been a juror in the same cause; or who is the employer, employee, counselor, agent, steward or attorney of either party; or who is subpoenaed as a witness; or who is of kin to either party; or 'any person who shall have served once already on a jury, as a talesman on the trial of any cause, in the same court during the term, he may be challenged for such causes; in either of which cases the same shall be considered as a principal challenge, and the validity thereof be tried by the court; and any petit juror who shall be returned upon the trial of any of the causes hereinbefore specified, 'against whom no principal cause of challenge can be alleged, may nevertheless be challenged on suspicion of prejudice against, or partiality for either party, or for want of competent knowledge of the English language, or any other cause that may render him, at the time, an unsuitable juror; but a resident and taxpayer of the state or any municipality therein shall not be thereby disqualified in actions in which such municipality is a party. The validity of all challenges shall be determined by the court."

The manifest purpose of the statute is to enable litigants to select a fair and impartial jury to try and determine questions of fact involved in their controversies, and it is for the court to determine the validity of all challenges.

In the case of International News Service v. News Publishing Co., 118 Okl'a. 113, 247 P. 87, this court followed the well-recognized rule as to what constitutes a fair and impartial juror, as follows:

"Ordinarily, where a juror testifies that he believes he can, and the court finds as 'a matter of fact that he would, if selected, render an impartial verdict upon the evidence, he is an 'impartial juror,' under our Constitution and the statutes of this state."

In Bradford v. Territory of Okla. ex rel. J. H. Woods, 2 Okla. 228, 37 P. 1062, the Supreme Court of Oklahoma Territory, discussing this question, said:

"Under this section the court must be satisfied that the juror will act fairly and impartially, and in passing upon this question he must act judicially on the facts before him, and the conduct and 'appearance of the juror: his manner and apparent candor or impartiality are all to be considered by the court together with his actions in determining his fitness as 'a juror. * * * A very large discretion is vested in the court in determining the competency and qualifications of jurors, and its action should never be disturbed by an appellate court, unless an abuse of such discretion is clearly 'apparent. * * *"

The challenge in question in the instant case was for actual bias. The second subdivision of section 2997, O. S. 1931 (Criminal Procedure), defines actual bias as follows:

"For the existence of a state of mind on the part of a juror, in reference to the case, or to either party, which satisfies the court, in the exercise of a sound discretion, that he cannot try the issue impartially, without prejudice to the substantial rights of the party challenging, and which is known in this chapter as actual bias."

And section 3000, O. S. 1931, reads as follows:

"In 'a challenge for implied bias, one or more of the causes stated in the second preceding section must be alleged. In a challenge for actual bias, the cause stated in the second subdivision of the third preceding section must be alleged; but no person shall be disqualified as a juror by reason of having formed or expressed 'an opinion upon the matter or cause to be submitted to such jury, founded upon rumor, statements in public journals, or common notoriety, provided it appears to the court, upon his declaration, under oath or otherwise, that he can and will, notwithstanding such opinion, 'act impartially and fairly upon the matters to be submitted to him. The challenge may be oral, but must be entered upon the minutes of the court."

In Huntley v. Territory, 7 Okla. 60, 54 P. 316, the same statute was considered by the territorial court, and in the opinion it is said:

"* * * The formation and expression of an opinion is not 'alone the test of a juror's competency, but the nature of the opinion may be inquired into, and, if found to be only a transitory inclination of mind, it is not a disqualifying opinion. To work a disqualification, there must be an abiding bias of the mind, caused by substantial facts in the case, in the existence of which the juror believes; an opinion upon the merits of the case upon the guilt or innocence of the accused of the charge laid in the indictment, upon the evidence substantially as expected to be presented on trial."

In Gentry v. State, 11 Okla. Cr. 355, 146 P. 719, the same provision being under consideration, the Criminal Court of Appeals said:

"Under our statute, the mere expression of an opinion by a juror in common conversation, without anything to show ill will, hostility, or a fixed determination of be-

lief. is not a legal ground of challenge for cause. In order to disqualify the juror there must be 'the existence of a state of mind on the part of the juror, in reference to the case, or to either party, which satisfied the court, in the exercise of a sound discretion, that he cannot try the issue impartially, without prejudice to the substantial rights of the party challenging.' * * *

"The issue raised upon a challenge for cause to a juror in a criminal case, on the ground that he has formed an opinion founded upon rumor, statements in public journals, or common notoriety, and upon which he has expressed an opinion, is one of mixed law and fact; and the finding of the trial court upon the issue ought not to be set aside by a reviewing court, unless it appears that upon the evidence the trial court ought to have found that the juror had formed such an opinion that he could not in law be deemed impartial. * * *"

In view of the provisions of the statutes and of the authorities we have examined, we do not believe that the trial court abused its discretion in overruling the challenge in question. Had the court excused said juror upon his voir dire examination, the plaintiff then could have used his third peremptory challenge upon the juror Mayfield, but where the challenge was properly overruled, the plaintiff cannot be heard to complain because of being denied an additional peremptory challenge, as the statute authorizes but three to each side in civil cases, and the plaintiff exhausted them before reaching the juror Mayfield.

The plaintiff also complains of misconduct on the part of the jury, in that after the case was given to the jury and during their deliberation and as they passed a truck on a vacant lot on their return to the court house from lunch in charge of the bailiff. one of the jurors remarked that the truck looked like defendant's truck, and some of the jurors went over to the truck and looked at the front end of it.

A juror who did not concur in the verdict made affidavit as to the alleged misconduct, and the same was filed with amended motion for new trial. Another juror on the same panel was called as a witness and testified that two of the jurors stepped aside and looked at the front end of the truck, but that he heard no discussion by any of the jurors.

The acts of the jurors complained of do not amount to misconduct under any statute of this state or any applicable rule of law known to this jurisdiction. Had the acts complained of amounted to misconduct, the evidence offered as proof was wholly insufficient, as no other evidence was offered than the affidavit of one juror and the testimony of another. It is well-settled law in this state that a juror will not be permitted to impeach his verdict by affidavit or by testimony. This rule has been consistently followed throughout the entire history of this state and territory. Robinson Oil Corp. v. Davis, 171 Okla. 557, 43 P. (2d) 754; Teters v. Frost, 145 Okla. 273, 292 P. 356; Hale v. Streeter, 91 Okla. 107, 216 P. 154; Egan v. First Nat. Bank of Tulsa, 67 Okla. 168, 169 P. 621; and Okla. City v. Stewart, 76 Okla. 211, 184 P. 779.

The motion for new trial was properly overruled, and order and judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, GIBSON, HURST, and DAVISON, JJ., concur. RILEY and WELCH, JJ., absent.