Vera Clara HOLLEY, Appellant,

v.

Jackie Ann SHEPARD, now Adams, Appellee.

No. 62820.

Supreme Court of Oklahoma.

Oct. 13, 1987.

Naylor & Williams, Inc. by Paul B. Naylor and David A. Tracy, Tulsa, for appellant.

Best, Sharp, Thomas, Glass & Atkinson by Joseph A. Sharp, John H.T. Sheridan and Lynn A. Summers, Tulsa, for appellee.

LAVENDER, Justice.

Appellant, Vera Holley, brought this action against appellee, Jackie Shepard, seeking recovery of damages alleged to have resulted from an accident in which a car driven by Shepard struck Holley as she walked across the street at an intersection in the city of Sand Springs, Oklahoma. The matter was tried to a jury. At trial the dispute between the parties concerning the facts of the accident centered over whether Holley was crossing the street at the crosswalk when struck by Shepard, who was in the process of making a left-hand turn into the street which Holley was crossing, or whether Holley was crossing the street south of the crosswalk and had emerged onto the street and into the path of Shepard's car from behind a parked vehicle.

Holley's evidence on this point consisted of her testimony and that of a witness who testified that she had seen the accident. Both testified that Holley was in the crosswalk when struck and that there were no parked vehicles on the side of the street in the vicinity of where Holley was hit. Shepard presented her own testimony and that of her passenger. Each testified that they had not seen anyone in the crosswalk when they started the left-hand turn. The passenger testified specifically that she saw Holley emerge into the path of Shepard's car from behind a parked vehicle and that she yelled at Shepard to stop. Both Shepard and her passenger, as well as the investigating police officer, testified that there were vehicles parked in positions along the west side of the street where Holley was struck. The investigating officer testified that the point of impact appeared to be at approximately the same point at which the Shepard vehicle stopped, which was, in turn, some twenty-six feet south of the south curb line of the east-west street off of which Shepard had turned. His determination of this point was made on the basis of statements by Shepard and her passenger and from the absence of any skid marks or other evidence to indicate impact at a point nearer the crosswalk.

The jury returned a verdict for Shepard and judgment was rendered on this verdict. Holley appealed from that judgment presenting three propositions of error: 1) that the verdict was unsupported by the evidence; 2) that the trial court erred in refusing to dismiss a prospective juror for cause; and 3) that the trial court erred in excluding certain evidence regarding Holley's injuries.

The Court of Appeals, Division IV, to which this case was originally assigned, by a divided panel, reversed the judgment of the trial court, finding reversible error in each of Holley's propositions. Shepard petitioned this Court for writ of certiorari to obtain review of the Court of Appeals' decision. We have previously granted the requested writ.

I.

In its consideration of the first proposition of error presented by Holley, the Court of Appeals found the evidence supporting Shepard's version of the accident to lack credibility. The Court of Ap-

peals went on to assume various matters not supported by evidence in the case to support its conclusion that Holley's version of the accident was the only one with which reasonable minds could agree. It then found that the trial court had committed reversible error in failing to direct a verdict in favor of Holley on the issue of liability.

In reaching this result the Court of Appeals, Division IV, has so far departed from the accepted and usual course of judicial proceedings, in this case departing from application of proper standards of review, as to call for exercise of this Court's power of supervision.[1]

In a matter tried to a jury the jury is the trier of fact and the exclusive judge of the evidence and the credibility of the testimony of the witnesses.[2] The effect and weight to be given conflicting or inconsistent testimony are questions of fact to be determined by the jury and not to be retried by the appellate courts where there is evidence to support the jury's determination.[3]

Secondly, the appellate court, in reviewing a matter on appeal, is confined to the record made below and may not accept an argument as the basis of its decision for which there is no foundation in the record before it.[4] In the present case the Court of Appeals "assumed" certain factors such as Shepard's probable reaction time and braking distance to support its conclusion that Holley was struck in the crosswalk and that the momentum of Shepard's vehicle must have carried Holley to a point twenty-six feet south of the intersection. There was no evidence in the record to support any assumption about the individual reaction time of Shepard, nor was there evidence concerning the probable braking distance of Shepard's vehicle.

The jury in this case heard testimony from the witnesses which clearly conflict-ed. They heard testimony concerning the speed of the vehicle as it made the turn, the positions which were ascribed to Holley when she was struck and the location of Shepard's vehicle after the accident. The conflict in the testimony as to Holley's location when struck was resolved by the jury in favor of Shepard. The evidence presented supports this determination. The Court of Appeals' subsequent reweighing of the testimony to determine credibility was entirely beyond the proper scope of its function as an appellate body.

## II.

■ The Court of Appeals also found error in the trial court's refusal to remove a prospective juror for cause when, on voir dire, that juror had stated that he thought Holley sought damages clearly disproportionate to her claimed injuries. The trial court refused to remove the juror after he stated, following clarification of the jury's role by the trial court, that he could be a fair and impartial juror and could listen to the evidence and award Holley whatever damages the evidence substantiated. Holley subsequently exercised a peremptory challenge to remove this juror from the panel which heard the case.

We find no reversible error in the trial court's action. This conclusion is based on two considerations. First, the prospective juror, after explanation by the trial court, expressed that he could perform the proper function of a juror.[5] Unlike the Court of Appeals, we find no impropriety in the trial court's explanation of the jury's function, and find no prejudice or taint to the jury panel as a whole from the exchange. The second consideration is clearly expressed in syllabus in this Court's opinion in *Cox v. Sarkeys*,[6] where it was stated:

Where, in the trial of a case, a party, in the formation of the jury, challenges a

**1.** See 12 O.S.1981 Ch. 15, App. 3, Rule 3.13(A)(4).

**2.** *Frierson v. Hines*, 426 P.2d 362 (Okla.1967); *Jones v. Parker*, 380 P.2d 73 (Okla.1963).

**3.** *Central Plastics Co. v. Goodson*, 537 P.2d 330 (Okla.1975).

**4.** *Matter of Rich*, 604 P.2d 1248 (Okla.1979).

**5.** See *Rice v. Emerson*, 181 Okl. 51, 72 P.2d 498 (1937).

**6.** 304 P.2d 979 (Okla.1956).

juror for cause, and the challenge is erroneously overruled, but where it appears from the record that such juror was challenged peremptorily, and did not serve on the trial jury, and it does not appear from the record that the challenging party ... demanded and was refused the right to challenge any other objectionable juror, or that an objectionable juror was permitted to serve in the trial of the case, the ruling of the court overruling the challenge does not constitute reversible error.

We thus find that the trial court committed no error in refusing to accept the challenge for cause. We also find that if the refusal had been erroneous the error here would have been harmless since Holley has not argued that the use of the one peremptory challenge to rid the panel of this juror deprived her of the opportunity to challenge other jurors whom she found objectionable.

### III.

■ The third error found by the Court of Appeals concerned an evidentiary ruling by the trial court. We find no error in the trial court's ruling.

As a result of the accident Holley suffered a broken bone in her shoulder. Holley was treated for this injury by Dr. Dunitz. As Dr. Dunitz would not be available for trial, Holley took a video deposition of his testimony to be presented to the jury. At the deposition Holley's counsel presented Dr. Dunitz with a copy of a narrative report of a physician who had examined Holley at the request of counsel for Shepard. Dr. Dunitz was asked to read the report. He did so, and counsel for Holley asked if the report comported with his own conclusions. He stated that it did. At trial Shepard's motion to exclude the reading of the other physician's report and references to that report within the deposition testimony was granted.

On appeal Holley contended that the material should have been admitted under 12 O.S.1981 § 2703, which provides:

The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

The Court of Appeals correctly found that the material was not admissible under this provision since Dr. Dunitz had specifically testified in the deposition that the other physician's report played no part in the formation of his opinions concerning Holley's injuries. The Court of Appeals went on to find that the trial court had abused its discretion in excluding the material because it was admissible as a statement against interest[7] or as a business record.[8]

We need not decide the admissibility of the excluded material. The trial court is vested with discretion by 12 O.S.1981 § 2403 to exclude even relevant and otherwise admissible evidence if it is determined likely to confuse the issues, mislead the jury or if it constitutes a needless presentation of cumulative evidence. Here the excluded material was cumulative as the conclusions drawn by the report were the same as those testified to by Dr. Dunitz.

The testimony presented to the jury in the deposition of Dr. Dunitz clearly outlined the extent of the injury suffered by Holley. This testimony was not contested by Shepard. We find no prejudice to Holley in the exclusion of cumulative material and accordingly find no abuse of discretion in the trial court's ruling.

### IV.

■ Finally, presented as a paragraph appended to the end of her third proposition of error and not addressed by the Court of Appeals' opinion, Holley contends that the trial court erred in failing to give an instruction to the jury relating to future medical expenses. The only evidence presented in the matter relating to future medical expenses was the testimony of Dr.

7. 12 O.S.1981 § 2801(4)(b)(3) and (4).

8. 12 O.S.1981 § 2803(6) and (24).

Dunitz in which he stated that he anticipated no future medical treatment and that any discomfort Holley suffered as a result of the injury could be treated by non-prescription pain relievers. We find no error in the trial court's failure to give an instruction on future medical expenses under these circumstances.

## V.

The opinion of the Court of Appeals, Division IV rendered in this matter is VACATED. The judgment of the trial court rendered on jury verdict for appellee is AFFIRMED.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES, SIMMS, OPALA, WILSON and SUMMERS, JJ., concur.

KAUGER, J., concurs in result.